Lydia Roth, Appellee, v. George A. Roth, Appellant.

Gen. No. 38,259.

Opinion filed February 19, 1936.

HENRY G. HULBERT, of Chicago, for appellant.

JOHN OWEN and JAMES C. O'BRIEN, JR., both of Chicago, for appellee.

MR. JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

This is an appeal in a divorce suit by the cross complainant in which a decree for divorce was entered on a finding by the superior court dismissing complainant's bill for divorce for want of equity and giving the cross complainant who is the appellant here a decree

of divorce on the ground of desertion. Lydia Roth, the cross defendant, was given the care and custody of their two children with $60 a month for their support; $400 for attorneys' fees and $50 to pay the court reporter; practically all of the family furniture and, further, appointing the defendant as guardian of the estate of one of the minor children.

After the case was heard, evidently there was a change of counsel, and without permission of this court, the latter appears as *amicus curiae,* although he is of record as solicitor for the cross complainant.

It is quite difficult to find out upon what theory the court below tried this case. Certainly not on any issues made by any pleadings we have been able to find. The bill for divorce was filed on May 8, 1933, by the wife, charging cruelty, to which no answer was ever filed. Later the defendant on July 19, 1934, came into court and without notice or permission filed a cross-bill. No rule was entered upon the complainant to answer the cross-bill and no answer thereto was filed. No issue having been made by either the bill or the cross-bill, the court proceeded to hear evidence, commencing same on May 31, 1934, although on what issues it is difficult to ascertain, and apparently granted relief or at least entered orders affecting every member of the family.

In courts of record the courts and counsel should be very careful to see that a cause is "at issue" by having proper pleadings on file before commencing the hearing of evidence. The *allegata et probata* must correspond. Pleadings without proof are of no avail on final hearing and, by the same token, proof without pleadings is useless. In this court counsel attempts to defend such procedure by saying that having heard the evidence on both sides the doctrine of waiver applies.

This suit having been commenced before the present Practice Act, section 30 of the Chancery Act, Cahill's Illinois Revised Statutes, 1931, ch. 22, ¶ 30, was still in force and reads as follows:

"¶ 30. CROSS-BILL.]   § 30.   Any defendant may, after filing his answer, exhibit and file his cross-bill, and call upon the complainant to file his answer thereto, in such time as may be prescribed by the court."

One of the evident intentions of the legislature was that, in order to obtain an intelligent consideration by a reviewing court of the relative rights of the parties, this section of the statute should be complied with in order to make an issue by written pleadings, and we decline to attempt to consider the points which are urged on each side as to the merits of the cause, as no procedure with which we are familiar was followed. Until the proper pleadings are on file and the issues made to which evidence could be applied, we cannot further consider the appeal.

For the reasons above stated the decree of the superior court is reversed and the cause remanded with directions to place the cause at issue before attempting to hear any evidence.

*Decree reversed and cause remanded with directions.*

HALL, P. J., and HEBEL, J., concur.