Zelda Bennett and Gary Lee Wadman, Minor, by Zelda Bennett, Mother and Next Friend, Appellees, v. John Gray, Jr., Appellant.

Gen. No. 44,254.

Opinion filed January 5, 1948. Released for publication January 27, 1948.

Vogel & Bunge, of Chicago, for appellant; L. H. Vogel, George C. Bunge and Robert C. Vogel, all of Chicago, of counsel.

Joseph Barbera, of Chicago, for appellees.

Mr. Justice Feinberg delivered the opinion of the court.

This action was brought on behalf of plaintiff, a minor, by his next friend, his mother, for personal injuries, and by the next friend in her own name for

necessary expenditures in treatment for said injuries. A trial resulted in verdicts for each plaintiff, upon which judgments were entered.

The complaint was filed March 21, 1945. It alleged that the minor was a pedestrian in the street, and that defendant negligently operated his automobile, running over the minor, resulting in the injuries claimed. The second count was to like effect, except that it specifically alleged several acts of negligence. An answer was filed, denying the charges in the complaint.

On March 17, 1947, the cause was reached for trial, and plaintiff then asked leave to file and amendment to each count. The effect of the amendment was to charge that the minor became a guest of defendant by his invitation, and that defendant was guilty of wilful and wanton negligence in the operation of the automobile, resulting in injuries to plaintiff. The court allowed the filing of the amendment and ordered defendant to answer or move to strike within three days. The amendment stated an entirely new cause of action. On March 20, within the three days directed by the order, defendant filed a written motion to strike the amendment, specifically challenging the sufficiency of the allegations in the amendment with respect to wilfulness and wantonness. In compliance with the rule of court, and affidavit was attached to the motion, setting up that it was not interposed for delay, and that in the opinion of counsel the motion was well founded in point of law.

The judge to whom the case was assigned for trial, and who entered the order allowing the amendment, under the assignment system prevailing in the circuit court transferred the case back to the motion judge because as indicated by the record, the case was not then at issue. On March 19, and before the expiration of the time limited by the order for filing an answer to the amendment, the cause was again assigned for trial by the motion judge, although counsel for defendant objected and called attention to the case

not being at issue. The trial judge to whom the case was assigned, and whose attention was also called to the state of the record, ordered the cause to proceed to trial. The trial proceeded to a conclusion, and judgment was entered on March 21. On March 24, the motion judge of the circuit court heard the motion to strike the amendment and denied the motion, a somewhat irregular procedure. An answer to the amendment was never filed, nor was there any reasonable opportunity afforded to defendant to file such an answer before the start of the trial.

We shall not discuss all of the errors assigned, since we are convinced that there should be a new trial. We are in complete accord with the desire of the *nisi prius* courts to speed up the disposition of cases, but it must not be done with such speed that it requires a reviewing court to apply judicial brakes to correct injury to the rights of a litigant. On March 17, when the case was first assigned for trial, the cause had been pending for two years, and there is nothing in the record to disclose that the delay was chargeable to defendant. During the two years there was ample time in which to amend the pleadings. Plaintiff waited until the case was reached for trial before making the application to amend. The judge to whom the case was first assigned for trial exercised the proper discretion in allowing the amendment and directing defendant to answer or move to strike within three days, certainly a short enough period. Notwithstanding the short period allowed to plead, and before the expiration of the time, the motion judge again assigned the case for trial to another judge, the case not then being at issue, and defendant was forced to trial.

In *Roth v. Roth*, 284 Ill. App. 71, at page 72, this court said:

"In courts of record the courts and counsel should be very careful to see that a cause is 'at issue' by having

proper pleadings on file before commencing the hearing of evidence. . . . Pleadings without proof are of no avail on final hearing and, by the same token, proof without pleadings is useless. In this court counsel attempts to defend such procedure by saying that having heard the evidence on both sides the doctrine of waiver applies."

At page 73 the court further said:

"Until the proper pleadings are on file and the issues made to which evidence could be applied, we cannot further consider the appeal.

For the reasons above stated the decree of the superior court is reversed and the cause remanded with directions to place the cause at issue before attempting to hear any evidence."

In *Groves v. Carolene Products Co.*, 324 Ill. App. 102, at page 109, it was stated:

"It is our opinion that before an issue is formed by an answer being filed to a complaint, neither the trial court nor this court can properly inquire into the evidence."

The fact that defendant was allowed to put in his evidence upon the trial of the case and to cross-examine plaintiff's witnesses does not constitute a waiver of defendant's rights. *Roth v. Roth, supra.*

For compelling defendant to go to trial under the circumstances, we are obliged to reverse the judgment of the circuit court and remand the cause with directions to put the cause at issue and for a new trial.

*Reversed and remanded with directions.*

NIEMEYER, P. J. and O'CONNOR, J., concur.