(No. 31076.—

CENTRAL STATES COOPERATIVES, INC., Appellee, *vs.* WATSON BROS. TRANSPORTATION COMPANY *et al.,* Appellants.

*Opinion filed January 18, 1950.*

SHERWIN & SHERWIN, of Chicago, for appellants.

MCBRIDE & MCLENNON, of Chicago, (THOMAS G. MC-BRIDE, of counsel,) for appellee.

Mr. JUSTICE FULTON delivered the opinion of the court:

The plaintiff, appellee here, Central States Cooperatives, Inc., brought suit in the superior court of Cook County against the defendants-appellants, Watson Bros. Transportation Company, Inc., and Burl Cotton to recover the reasonable rental value of premises which the appellee had purchased and of which the appellants were in possession. The appellee also sought to recover special damages for the failure to surrender possession to it and double rent under the provisions of the statute. (Ill. Rev. Stat. 1947, chap. 80, par. 2.) The appellants filed an answer setting forth that by an oral contract between the parties it was agreed that the appellants could remain in possession of the property from October 1, 1946, to June 30, 1947, at a monthly rental of $850 and alleged that it had tendered the rent due under said oral agreement, which had been refused, and that the appellee was entitled to such agreed rental. Appellants denied the other allegations of the complaint. Thereafter, upon motion made by the appellee, the trial court entered judgment against the appellants for $7650, being the amount of rent which the appellants admitted by their answer they had agreed to pay. From this judgment the appellants appealed to the Appellate Court, First District, which court affirmed the judgment of the trial court. The appellants sought leave to appeal from the action of the Appellate Court, which was allowed, and the case is now before us for decision. The appellants contend

that the judgment of the superior court should be reversed for the reason that it is not based upon any allegations of the complaint, and that a partial judgment can be had only for a part of the demand made in the complaint. They contend that, since the complaint asks only for reasonable rent for use and occupancy of the premises and does not ask for the agreed rental as alleged in the answer, there cannot be an express contract to pay rental and an implied contract to pay reasonable rental in existence at the same time.

The appellee contends that, in view of the admission in the answer that the appellants are liable for an agreed rent, the court could properly enter a judgment for that amount of rent which the appellants admitted owing and then proceed to hear the rest of the case without any prejudice to the rights of the appellants.

A proper decision of this case requires an interpretation of certain provisions of the Civil Practice Act.

Section 57 of the Civil Practice Act (Ill. Rev. Stat. 1947, chap. 110, par. 181,) provides: "(1) Subject to rules, if, in any action * * * the claimant shall file an affidavit or affidavits, on affiant's personal knowledge, of the truth of the facts upon which the complaint or counter-claim is based and the amount claimed (if any) over and above all just deductions, credits, and set-offs (if any) the court shall, upon motion, enter a judgment or decree for the relief demanded, unless the opposing party shall, by affidavit filed prior to or at the time of the hearing on the motion, show that he has a sufficiently good defense on the merits to all or some part of the claim to entitle him to defend. If the defense is to a part only of the demand, a judgment or decree may be entered, and an execution or other suitable writ issued, for the portion of the demand or relief as to which no defense is interposed, and the case shall thereafter proceed as to the portion of the demand in dispute as though the action or counter-

claim had been originally brought therefor; and in such case the court may make such order as to costs of the suit as may be equitable."

Section 45 of the act (Ill. Rev. Stat. 1947, chap. 110, par. 169,) provides: "(1) All objections to pleadings heretofore raised by demurrer shall be raised by motion. Such motion shall point out specifically the defects complained of, and shall ask for such relief as the nature of the defects may make appropriate, such as the dismissal of the action or the entry of a judgment where a pleading is substantially insufficient in law, or that a pleading be made more definite and certain in a specified particular, or that designated immaterial matter be stricken out, or that necessary parties be added, or that designated misjoined parties be dismissed, and so forth.

"(2) Where a pleading or a division thereof is objected to by a motion to dismiss or for judgment or to strike out the pleading, because it is substantially insufficient in law, the motion must specify wherein such pleading or division thereof is insufficient.

"(3) After rulings on motions, the court may make such orders as to pleading over or amending as may be just."

Section 40 of the act (par. 164,) provides: "(1) General issues shall not be employed, and every answer and subsequent pleading shall contain an explicit admission or denial of each allegation of the pleading to which it relates.

"(2) Every allegation, except allegations of damages, not explicitly denied shall be deemed to be admitted, unless the party shall state in his pleading that he has no knowledge thereof sufficient to form a belief, and shall attach an affidavit of the truth of such statement of want of knowledge, or unless the party has had no opportunity to deny.

"(3) Denials must not be evasive, but must fairly answer the substance of the allegation denied.

"(4) If a party wishes to raise an issue as to the amount of damages only, he may do so by stating in his pleading that he desires to contest only the amount of the damages."

Section 43 of the act (par. 167,) provides: "(4) The facts constituting any affirmative defense, such as payment, release, satisfaction, discharge, license, fraud, duress, estoppel, laches, statute of frauds, illegality, that an instrument or transaction is either void or voidable in point of law, or cannot be recovered upon by reason of any statute or by reason of non-delivery, want or failure of consideration in whole or in part, and any defense which by other affirmative matter seeks to avoid the legal effect of or defeat the cause of action set forth in the plaintiff's complaint, or the defendant's counterclaim, in whole or in part, and any ground or defense, whether affirmative or not, which if not expressly stated in the pleading, would be likely to take the opposite party by surprise, must be plainly set forth in the answer or reply."

As stated above, the appellee's complaint seeks the recovery for reasonable rent and for damages for wilfully holding over. The pertinent allegations of the complaint are contained in paragraphs 13, 14, 15 and 16 thereof. Paragraph 13 alleged that upon the expiration of their written lease on September 30, 1946, the defendants failed to vacate said premises and wilfully, wrongfully, unlawfully and knowingly and without any claim of right, forcibly retained and held possession of the premises from October 1, 1946, to July 14, 1947. The defendants answered this allegation by paragraph 13 of their answer wherein they admitted that on the expiration of the lease they failed to vacate said premises and answered that said defendant, Watson Bros. Transportation Company, Inc., "Denies each and every allegation contained in said paragraph." Their paragraph 13 also contained further allegations of affirmative defense wherein they stated that as a further answer to paragraph 13 they were in lawful possession of the

premises by reason of an oral agreement between the appellee and the appellants whereby the appellants were to be permitted to remain in possession for nine months from October 1, 1946, to June 30, 1947, at a monthly rental of $850 per month. They also alleged in that paragraph that the validity of this oral leasing was involved in a prior action between the parties pending in the district court of the United States for the northern district of Illinois. It also further alleged in paragraph 13 of their answer that the appellee had sold said premises to Yellow Terminals, Inc. on July 14, 1947, and that the appellants had negotiated an agreement with that corporation by which they were permitted to remain in possession until November 30, 1947.

Paragraph 14 of the complaint alleged that the appellants were trespassers from October 1, 1946, until July 14, 1947. Paragraph 14 of the answer denied the allegations of paragraph 14 of the complaint and, further answering the paragraph, the appellants incorporated by reference, as though fully set forth therein, "the affirmative allegations contained in paragraph 13 of this answer."

Paragraph 15 of the answer then contained a paragraph whereby the defendants further answered the allegations of paragraph 15 of the complaint by stating "the Plaintiff is entitled to the agreed rental value of Eight Hundred Fifty ($850.00) Dollars per month from October 1, 1946, to June 30, 1947, and deny it is entitled to any reasonable rental value for the said period. As to the period from July 1, to July 14, 1947, these defendants admit that the plaintiff is entitled to reasonable rental value for the said period and that the reasonable rental value for the said period from July 1, 1947, to July 14, 1947, be fixed by the court or the jury as the case may be."

Paragraph 16 of the complaint alleged that the appellants had failed and refused to pay the sums of money as alleged due in the prior allegations of the complaint.

Paragraph 16 of the answer denied any liability to the plaintiff for reasonable rental value or any other sums and alleged that the appellants had tendered the agreed monthly rental of $850 per month to the appellee, but that the appellee had refused to accept said rent.

From these allegations of the complaint and answer it clearly appears to this court that the defendants' answer contained an explicit denial of the allegations of the complaint. Assuming for purposes of this opinion that the answer had contained merely the general denials above referred to and had not contained any affirmative defense allegations, the appellee definitely would not have been entitled to a judgment on the pleadings because it appears that the appellants' denials were sufficiently explicit to require plaintiff to submit proof.

It, therefore, appears that the action of the trial court and of the Appellate Court in sustaining a judgment in favor of the appellee for the amount of the agreed rental is based entirely upon the allegations of affirmative defense contained in the answer. Under the Civil Practice Act a defendant who desires to plead an affirmative defense must do so by his answer or he will be precluded from submitting evidence upon that defense at the trial, since such a defense would normally take the opposite party by surprise, section 43 of the act above providing such a defense "Must be plainly set forth in the Answer or reply." It, therefore, appears that the appellants in this case were required by the statute to allege their oral agreement, if they sought to defend upon that ground. The effect of this allegation as we view the matter was not to admit any liability whatsoever for reasonable rental value or wrongfully holding over. This affirmative defense raised clearly a question of fact which required proof. If the evidence showed the existence of an oral agreement, then definitely the appellee would be entitled to no recovery based upon the allegations of its complaint, since the complaint asked

only for reasonable rental value and damages. The affirmative defense in the case at bar constituted an additional denial of the plaintiff's claim and was inserted merely because required by the statute. It is the purpose of the Civil Practice Act to simplify pleading and to require appropriate disclosures by the parties to expedite the disposition and trial of cases. We believe that paragraph 4 of section 43 is a provision designed to expedite the trial of a cause by requiring a defendant who desires to defend by using an affirmative defense to state the defense in his answer, thereby avoiding surprise on the part of the plaintiff and allowing the plaintiff to prepare himself to defend against such a defense. We do not believe that this paragraph should be construed in such manner as to prejudice a defendant.

It is to be noted that the judgment which was entered by the trial court was not in accordance with the provisions of section 57 of the Civil Practice Act, which provides for summary judgments. The argument has been made that the provisions of section 57, to the effect that if a defense is to only a part of the demand a judgment may be entered for the portion of the demand to which no defense is interposed and that the case will thereafter proceed as to the portion of the demand in dispute, should apply to other motions for judgment on the pleadings. We do not quarrel particularly with this argument but as we view the pleadings in this case there is no portion of the demand as alleged in the complaint to which no defense is interposed other than that portion of the demand for reasonable rent from July 1, 1947, to July 14, 1947. The judgment order entered on June 11, 1948, from which this appeal is perfected, is based solely upon the supposed admission of the defendant of owing the sum of $850 per month from October 1, 1946, to June 30, 1947, and is not based upon any reasonable rental due from July 1, 1947, to July 14, 1947.

The affirmative defense which was raised was, in fact, a specific denial that the plaintiff was entitled to any sum of money for reasonable rent or for damages, because, if the allegations of the appellants were proved in court, the appellee could obtain no judgment against the appellants without amending its complaint. As we·stated in *Leitch* v. *Sanitary Dist.* 386 Ill. 433, "Citation of authorities is not necessary in support of the well-established rule that a party to suit, either at law or equity, cannot have relief under proofs without allegations, nor under allegations without proof in support." For the reasons stated in this opinion, the judgments of the Appellate Court and of the superior court of Cook County are reversed and the cause remanded with directions for further proceedings therein in accordance with the views expressed in this opinion.

*Reversed and remanded.*