Lucille K. Neitzke, Appellant, v. Alfred William Neitzke, Appellee.

**Gen. No. 47,130.**

First District, Second Division.
November 26, 1957.
Rehearing denied December 26, 1957.
Released for publication January 14, 1958.

George Yellen, of Chicago, for plaintiff-appellant.

· Curtiss, Friedman & Marks, of Chicago (Alvin L. Kaplan and Robert S. Blatt, of counsel) for appellee.

JUSTICE FEINBERG delivered the opinion of the court.

This appeal is from an order denying plaintiff's petition to vacate a decree of divorce entered in her favor on November 3, 1952. The petition was filed July 2, 1956. The answer to the petition, among other things, alleges that rights of innocent third parties have intervened, defendant having remarried on December 12, 1953, in reliance upon the validity of the divorce decree, and that his present wife and her two minor children by her former marriage are dependent upon him for their support.

The complaint for divorce was based on cruelty. Defendant defaulted, and a hearing ex parte was had. A property settlement was entered into, evidenced by a contract in writing, which was approved by the decree of divorce. In the contract and in the decree the plaintiff waived alimony. The property settlement agreement provided for the payment to defendant, by plaintiff, of $3,000, as the consideration for his conveyance to her of all his right, title and interest in and to the property occupied by the parties, known as 1114 Circle Avenue, Forest Park, Illinois, and in and to certain personal property located in said premises, as her sole and exclusive property, the said $3,000 to be paid from the sale of the real estate, and the payment by defendant of $250 for her attorney's fees.

The petition to vacate the decree alleged the filing of the complaint for divorce, the service of summons on defendant, the order of default, and the setting of the case for hearing as a default matter; that plaintiff testified upon said hearing; and that a decree of divorce was entered. The petition then alleges:

474

"Further plaintiff states that as shown by these proceedings and by a Certificate of Evidence filed in this cause that this plaintiff was not a resident of Cook County, Illinois, and was not a resident of the State of Illinois, but that at said time and as shown by the Certificate of Evidence this plaintiff was a resident of Silver Springs, Maryland, and resided at 8415 Piney Branch Road, Silver Springs, Maryland, and was employed in Washington, D. C. That the said Certificate fails to show that the acts of cruelty complained of occurred in the State of Illinois, and shows specifically that the plaintiff was not a resident of Illinois, and not a resident of Cook County, Illinois; that therefore, said Decree herein entered was wrongfully and improper."

The certificate of evidence appearing in the record discloses that she testified upon the divorce hearing that she was then, and for more than one year preceding the filing of the bill of complaint, a resident of Cook county, Illinois; that she had entered into the property settlement agreement and desired to waive alimony. She testified to two acts of cruelty in August 1951, corroborated by two witnesses. The two witnesses lived in Cook county and testified they often visited plaintiff at her home, and that they saw bruises upon the person of plaintiff about the time of the alleged acts of cruelty.

The decree finds the court "has jurisdiction of the parties hereto and the subject matter hereof; that the Plaintiff is and since prior to the filing of said complaint has been an actual resident of Cook county, and has been a resident of the State of Illinois for over one whole year next before the filing of the complaint herein, . . . ."

The complaint for divorce, sworn to by her, alleged that "she is now and for more than one (1) whole year

prior to the filing of this Complaint for Divorce been a resident of the County of Cook and State of Illinois." Upon that complaint and the testimony in support thereof, the decree referred to was entered.

Upon the hearing of the petition to vacate the decree, plaintiff testified that the averment in her complaint for divorce as to residence was untrue, and that her testimony in respect thereto was false; that she was in April of 1952 a resident of Silver Springs, Maryland, and lived there at the time of the divorce hearing; and that when the complaint for divorce was filed on June 16, 1952, she was not a resident of Cook county or the State of Illinois. She admitted that she received the property referred to in the settlement agreement.

At this point of her testimony, the chancellor indicated that he had heard sufficient to justify an order denying the prayer of the petition to vacate the decree. The record discloses that the chancellor refused to hear any further offer of proof by plaintiff. It is urged by plaintiff that in this respect the court erred in denying her the right to introduce all of her evidence.

█ This court has said many times, pleadings without proof are of no avail on final hearing and, by the same token, proof without pleadings is useless. Swanson v. Chester Johnson Elec. Co., 347 Ill. App. 182; Roth v. Roth, 284 Ill. App. 71; Bennett v. Gray, 333 Ill. App. 143.

█ To give the court jurisdiction to entertain the instant petition filed nearly four years after the decree was entered, it must allege specifically, as was formerly required in a bill of review (see section 72 of the Civil Practice Act) [Ill. Rev. Stats. 1957, Ch. 110, § 72], such facts that would establish the court entering the decree of divorce did not have jurisdiction of the subject matter. Nowhere in the petition is it al-

leged that the acts of cruelty did not occur within the State of Illinois, and that defendant or plaintiff did not reside in Illinois for the period of six months immediately preceding the acts of cruelty, as required by section 3 of the Divorce Act. Nor does the petition allege that at the time of the filing of the complaint for divorce plaintiff was not a resident of the county of Cook or State of Illinois. The petition merely asserts "that as shown by these proceedings and by a Certificate of Evidence filed in this cause that this plaintiff was not a resident of Cook county, Illinois, and was not a resident if the State of Illinois, but that at said time and as shown by the Certificate of Evidence this plaintiff was a resident of Silver Springs, Maryland, and resided at 8415 Piney Branch Road, Silver Springs, Maryland."

██ ██ While it does appear in the certificate of evidence that at the time she testified in the divorce hearing she was living in Maryland, she did not then testify that before and at the time of the filing of the complaint she was a resident of the State of Maryland. *Non constat,* she could well have become a resident of Maryland after the filing of the complaint and before the divorce hearing. We find nothing in the petition that would justify the court in assuming jurisdiction to hear the petition to vacate the decree. All presumptions are in favor of the decree. It clearly appears that the acts of cruelty occurred in Cook county, and that plaintiff and defendant, who was served in Cook county, were residents of Cook county, as required by Chapter 40, section 3, of the Divorce Act, relating to six months' residence prior to the acts of cruelty occurring in Cook county.

We deem it unnecessary to consider the other contentions of defendant that plaintiff comes into court with unclean hands, having accepted the benefits of the decree and waited nearly four years to file her peti-

tion, though she had ample opportunity to do so throughout the period, and that the court was therefore justified in denying her petition.

The order appealed from is affirmed.

Affirmed.