Elra F. Howe, Plaintiff-Appellee, v. Floodmaster Manufacturing Corp., an Illinois Corporation, and Ben Goldman, Defendants-Appellees, and Deno A. Del Vecchio, Defendant-Appellant.

Gen. No. 49,043.

First District, Second Division.
November 22, 1963.
Rehearing denied December 18, 1963.

Leonard S. Knox, of Chicago (Harry G. Fins, of counsel), for appellant.

William J. Stellman and William R. McNair, of Chicago (Hofgren, Brady, Wegner, Allen and Stellman, of counsel), for appellee.

MR. JUSTICE BRYANT delivered the opinion of the court:

This is an appeal from a decree confirming a Master's report entered by a Chancellor in the Superior Court of Cook County on October 26, 1962 ordering the defendant, Deno A. Del Vecchio, to assign his United States Patent No. 2,868,380, covering a flood control unit, to the plaintiff, Elra F. Howe.

The plaintiff, Elra F. Howe, brought this action based on an express agreement to assign patents entered into between the plaintiff and the defendant, Floodmaster Manufacturing Corporation. The defendant, Deno A. Del Vecchio, ran an independent concrete products business and was engaged by Floodmaster Manufacturing Corporation to install flood control units, to prepare designs and plans for the manufacture of flood control units under licensed Howe patents and to make modifications and improvements thereon. Del Vecchio had no written agreement with Floodmaster Manufacturing Corporation in regard to the patents with which he was working.

On June 20, 1957, Del Vecchio filed an application in the U. S. Patent Office and was granted Patent No. 2,868,380 on a flood control unit. He refused to assign the patent to the plaintiff.

Since the Floodmaster Manufacturing Corporation is no longer in business the Master found that Floodmaster Manufacturing Corporation and its President, Ben Goldman, were no longer in the picture and that the patent should be assigned directly from Del Vecchio to the plaintiff.

The plaintiff-appellee's theory of the case is that regardless of whether one be called an employee where he is hired to improve a licensed device, and he does so, such patentable improvement must be assigned to the licensor, without regard to the precise legal relationship or contract of employment existing between the licensee and the inventor.

The appellant's theory of the case is that the decree is not supported by the complaint, and that to allow the decree to stand would be to deny him an opportunity to meet the issues.

The amended complaint of the plaintiff states:

## IV

"Defendant Deno A. Del Vecchio . . . was during a part of the time complained of herein an *employee* of Defendant Floodmaster Manufacturing Corp." (Emphasis supplied.)

## VIII

"Defendant Deno A. Del Vecchio, was on and after May 4, 1955, in the *employ* of defendant Floodmaster Manufacturing Corp., in charge of the manufacturing operation at said facility . . . and was required by an express agreement with his *employer,* Floodmaster Manufacturing Corp., which agreement on information and belief was oral, to devote his efforts to the design of a flood control unit based upon data and information received from plaintiff, and further was required to exercise his inventive ability to produce improvements and/or inventions in said flood control units and to assign such improvements and/or inventions to defendant, Floodmaster Manufacturing Corp." (Emphasis supplied.)

## IX

"Defendant Deno Del Vecchio, was, . . . in the *employ* of defendant Floodmaster Manufacturing Corp., in charge of the manufacturing operations at said facility . . . and was *employed* for the purpose of devoting his efforts to the design of a flood control unit based upon data and information received from plaintiff, and to exercise his inventive ability to produce improvements and/or inventions in said flood control units, which *employment* impliedly required said defendant, Deno A. Del Vecchio, to assign such improvements and/or inventions to defendant, Floodmaster Manufacturing Corp." (Emphasis supplied.)

205

## X

"On or about March 30, 1956, Defendant, Deno A. Del Vecchio while in the *employ* of Defendant Floodmaster Manufacturing Corp., made an improvement in a flood control unit; . . ." (Emphasis supplied.)

The answer of the defendants demanded strict proof of Paragraph IV and denied Paragraphs VIII, IX and X.

The Master heard witnesses and took evidence on the disputed matters. He found in conclusion of fact No. 6 that: "The evidence as to the precise nature of the relationship was confused and conflicting. The Master finds that Del Vecchio was *not an employee* but was an independent contractor."

The Master went on to find that the precise legal relationship of Deno A. Del Vecchio to Floodmaster Manufacturing Corporation is not determinative of the question of his obligation to assign to Floodmaster Manufacturing Corporation the patent in question. The Master recommended that the patent be assigned to the plaintiff. The Chancellor approved the report of the Master and entered a decree accordingly.

It is evident from a reading of the pleadings that the plaintiff's theory of the case was that Del Vecchio was an employee of the defendant Floodmaster Manufacturing Corporation. The Master and the Chancellor expressly found that Del Vecchio was not an employee of Floodmaster Manufacturing Corporation. The Chancellor, nevertheless, entered a decree for the plaintiff.

This court has said many times, pleadings without proof are of no avail on final hearing and, by the same token, proof without pleadings is useless. Neitzke v. Neitzke, 15 Ill App2d 473, 146 NE2d 708; Abbate Brothers, Inc. v. City of Chicago, 11 Ill2d 337, 142 NE2d 691; Burke v. Burke, 12 Ill2d 483, 147 NE2d 373; Leitch v. Sanitary Dist. of Chicago, 386 Ill 433,

54 NE2d 458; 4 Nichols Illinois Civil Practice, § 3934, p 30. This decree is not supported by the complaint or the evidence.

Therefore, the decree is reversed.

Reversed.

BURKE, P. J. and FRIEND, J., concur.