MARIE WILLISON, Plaintiff-Appellant, *v.* GEORGE E. STOUTIN, Defendant-Appellee.

(No. 11527;

Fourth District—March 8, 1972.

*Rehearing denied April 10, 1972.*

Larry P. Cramer, of Urbana, for appellant.

F. Daniel Welsch, of Danville, for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

On March 15, 1965, Nellie N. Stoutin executed a Will under the terms of which she bequeathed to Plaintiff-Appellant Marie Willison, her daughter, all of her personal property and one-half of certain bank shares. She also devised to plaintiff her interest in a dwelling, together with a one-half interest in certain farm land. The balance of the estate was given to her son, the brother of plaintiff, Defendant-Appellee George E. Stoutin, and to his son, Edward Lynn Stoutin.

On November 7, 1966, Nellie N. Stoutin executed a second Will which expressly revoked the first, and under the terms of which defendant became the principal beneficiary. There were also bequests to seven of Nellie N. Stoutin's grandchildren and great grandchildren. The only provision for plaintiff in the Will was

(i) in consideration of the care which I have received at my daughter and son-in-law's home for the past two years, I give and bequeath to my daughter, Marie Wilson, the sum of $1,000.00 and to my son-in-law, Paul Wilson, the sum of $1,000.00.

Nellie N. Stoutin died July 15, 1969, and on August 18, 1969, the Will executed by the decedent on November 7, 1966, was admitted to Probate.

On March 17, 1970, plaintiff filed a three Count Complaint, the only defendant being George E. Stoutin individually and as Executor of the Will of the deceased. Counts II and III of the Complaint alleged lack of testamentary capacity and undue influence, and the judgment of the trial court in favor of defendant on these two counts is not appealed.

Count I of the Complaint, which was verified by plaintiff, alleged that the decedent and plaintiff had entered into an oral contract under the terms of which plaintiff was to make a home and care for decedent, in return for which decedent agreed to make a Will leaving all of her cash, stocks and bonds to plaintiff. The Complaint further alleged that plaintiff did furnish a home and care to the decedent from May 18, 1964, to November 3, 1966, on which date the defendant took the decedent to his own home "* * * without the knowledge and consent of the plaintiff", that the Will of November 7, 1966, constituted a breach of the

oral contract, and that by reason of the oral contract plaintiff was entitled to be awarded all money, stocks and bonds owned by decedent at the time of her death. Defendant's answer to Count I denied the making of an oral contract.

Defendant filed a Motion for Summary Judgment as to all three counts of the Complaint and plaintiff here appeals from that portion of the judgment allowing the motion as to Count I.

In support of his Motion for Summary Judgment, defendant attached the verbatim transcript of conversations between Nellie N. Stoutin and her attorney Daniel Welsch. These conversations concerned her instructions to him as to the disposition of her estate and the subsequent execution of the Will. During the course of the conversations the decedent stated to her attorney, in referring to plaintiff, "I owe them for staying over there, can they collect that?" and then stated that there was no contract between herself and plaintiff.

■■ Plaintiff contends that the denial of the contract is inadmissible because it was a self-serving statement when made, citing *Weidler v. Siebert* 405 Ill. 477, 91 N.E.2d, 416; *Dalby v. Maxfield* 244 Ill. 214, 91 N.E.2d, 420, but that her statement "I owe them for staying, etc." is admissible since it qualifies as a declaration against interest, citing *In re Estate of Niehas* 341 Ill.App. 454, 94 N.E.2d, 525; *Jatcko v. Hoffe* 7 Ill.2d 479, 131 N.E.2d, 84; *Dempski v. Dempski* 27 Ill.2d, 69, 187 N.E.2d, 734 and others. Defendant has not seen fit to respond to either of these points and we will take it that he concedes plaintiff's position.

Also attached to defendant's motion was a transcript which covered certain testimony given by plaintiff in a deposition taken February 10, 1967, in connection with a cause entitled *Nellie N. Stoutin v. Marie Willison and Paul Willison* then pending in the Circuit Court of Vermilion County. The pleadings in that case are not a part of this record, but it appears that the purpose of the suit was to replevy certain bank accounts and personal property. The testimony is rather vague, but defendant claimed that it tends to negative the making of the oral contract in question. Plaintiff maintains that the contents of that deposition are inadmissible on the Motion, citing *Haskell v. Siegmund* 28 Ill.App.2d, 1, 170 N.E.2d, 393. Defendant has not responded to this contention, and we take it that he again concedes plaintiff's position.

Plaintiff filed an Answer to the Motion for Summary Judgment to which she attached the affidavit of one Ellen Underwood "That the decedent many times told your affiant that she wanted to leave all of her bank accounts, stocks and bonds to Marie Willison in exchange for taking care of her; * * *".

■■ The plaintiff is incompetent to testify to the making of an oral

contract with decedent or to any other maters bearing on that issue during the decedent's lifetime since defendant is defending as Executor of the Will, and as a legatee and devisee thereunder. *Wurth v. Hosmann* 410 Ill. 567, 573, 102 N.E.2d, 800; *Chambrs v. Appel* 392 Ill. 294, 304, 64 N.E.2d, 511; ch. 51, par. 2, Ill. Rev. Stat. 1969.

What evidence, then, remains? The affidavit of Ellen Underwood amounts to nothing more than a mere statement of intention. It does not establish a contractual relationship between plaintiff and decedent. *Wilger v. Wilger* 409 Ill. 58, 61, 98 N.E.2d, 716.

Decedent's statement "I owe them for staying over there, can they collect that?" falls far short of proving an oral contract to make a Will leaving all of decedent's money, stocks and bonds to plaintiff in consideration of care to be furnished. Before an oral contract to make a Will will be enforced it must appear to be certain, definite and unequivocal in its terms. *Wilger v. Wilger, supra.*

The record reveals no genuine issue as to any material fact, the trial judge correctly applied the law in granting defendant's Motion for Summary Judgment.

Judgment affirmed.

TRAPP, P. J., and SMITH, J., concur.