THE CITY OF CHICAGO, Plaintiff-Appellant, *v.* RONALD HANDLER *et al.,* Defendants-Appellees.

(No. 54478; ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

First District—July 28, 1972.

Richard L. Curry, Corporation Counsel, of Chicago, (Marvin E. Aspen and Daniel Pascale, Assistants Corporation Counsel, of counsel,) for appellant.

Allan G. Sherman, of Chicago, for appellees Ronald Handler and Max Wein.

Thomas G. Poulakidas, of Chicago, (Sidney Z. Karasik, of counsel,) for appellees Robert J. Herman and John R. Cooper.

Mr. JUSTICE ADESKO delivered the opinion of the court:

This action was brought by the City of Chicago for an injunction requiring the owners of the subject property to conform the building on the property to the requirements of the Zoning Ordinance of the City of Chicago. The court entered a decree fining the former owner of the subject property who had constructed the building because of his departure from the building permit issued by the City for the construction of the building. The decree also dismissed the complaint as against the present owners of the subject property (hereinafter referred to as the defendants) and enjoined the City from interfering with the present use of the property. This appeal is taken by the plaintiff from the latter part of the decree, dismissing the complaint as to the present owners and enjoining the plaintiff from interfering with the use presently made of the property. No appeal is taken from that part of the decree fining the former owner.

The subject property is located at 1644 West Sherwin Avenue in Chicago. On June 13, 1963, the plaintiff issued a building permit to the then owner of the property, defendant Max Wein, for the erection of an

apartment building consisting of three efficiency apartments and six bedroom apartments. The present owners of the subject property are Robert J. Herman and John R. Cooper.

In 1963, Charles Manshreck, a building inspector from the City's Department of Buildings, made an inspection of the building and discovered that instead of the three efficiency apartments and six bedroom apartments, originally called for by the City's building permit, the building contained nine bedroom apartments. This action was subsequently filed to require a deconversion of the building to conform to the permit as issued.

At the trial, Charles Manshreck testified for the plaintiff that he inspected the buildings in 1963 and found the violations in question. He stated that the building as it then existed violated the City's zoning ordinance in that the real estate contained 600 square feet less than that required by the ordinance, as well as one automobile parking space less than required.

Edward Mangam, a real estate broker and appraiser, was called as a witness for the plaintiff and testified that after an inspection of the building. he was of the opinion that the property was worth $119,000 as presently improved, but that it would be worth $100,000 if improved as required under the original permit.

The recent case of *City of Chicago v. Exchange National Bank*, 51 Ill.2d 543, 283 N.E.2d 878, is practically identical to the case at bar. The Illinois Supreme Court held that it was the defendant's burden to overcome the presumption that enforcement of the ordinance was benefit to the health, safety and welfare of the public. On facts almost identical to the case at bar, the Supreme Court held that the City had done nothing out of which an estoppel could arise.

For these reasons, the part of the decree dismissing the complaint as to the defendants, Robert Herman and John Cooper and enjoining the plaintiff from interfering with the defendants in the present use of the property is reversed and the cause is remanded with directions to enter a decree finding the issues and granting relief in favor of the plaintiff and against the defendants in accordance with the prayer of the complaint.

Judgment reversed in part and remanded with directions.

DIERINGER, P. J., and BURMAN, J., concur.