THE CITY OF CHICAGO, Plaintiff-Appellant, *v.* EDMUND T. JACHIMOWSKI, Trustee, *et al.*—(MARTIN BOYER *et al.*, Impleaded,) Defendants-Appellees.

(No. 54760; 

First District—July 28, 1972.

Richard L. Curry, Corporation Counsel, of Chicago, (Edmund Hatfield and Daniel Pascale, Assistants Corporation Counsel, of counsel,) for appellant.

Allan G. Sherman, of Chicago, for appellees.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Plaintiff, City of Chicago, brought this action for an injunction to require the owners of the subject property to conform with the provisions of the Chicago Zoning Ordinance. The court entered a decree fining the original owners of the subject property for departing from their building permit, but the decree dismissed the present owners of the property and enjoined the City from interfering with their use of the property. The City appeals from that portion of the decree dismissing the present owners of the subject property and enjoining the City from interfering with their use of the property. No appeal has been taken from that part of the decree fining the former owners.

The subject property is located at 6901 North Ridge Avenue, in Chicago. The original owners of the property were defendants Joseph DeCaro and Charles Matthies. They transferred the property in October 1962 to defendant Edmund T. Jachimowski in trust for defendant T. C. Jachimowski and they then transferred the property in May 1964 to defendant Martin Boyer who was, at the time the decree was entered, the owner of the property in question.

On October 23, 1958, plaintiff issued a building permit to the then owner of the property, defendant Charles G. Matthies for the construction of an apartment building to contain seventeen efficiency apartments and to provide nine off-street parking places. These specifications were in compliance with the Chicago Zoning Ordinance. An inspection of the building as constructed, however, revealed that it contained seventeen single bedroom apartments rather than the efficiencies allowed under the permit, creating a building of denser population than permitted under the Chicago Zoning Ordinance. The subject property did not contain sufficient area as required under the Chicago Zoning Ordinance for seventeen one bedroom apartments nor did it provide the required number of parking spaces for such bedroom apartments.

■■ In the recent case of *City of Chicago v. Exchange National Bank,* 51 Ill.2d 543, 283 N.E.2d 878, the Illinois Supreme Court decided a case whose facts were practically identical to the case at bar. In that case, the City of Chicago sought a mandatory injunction directing the owners of an apartment building to alter the structure to put it into compliance with the applicable zoning ordinance. Defendants were the original builder and the present owners. The trial court found that the builder had departed from the specifications of his permit in constructing the building. The court ordered the builder to pay costs and damages of $2500.00. The present owners, however, were dismissed from the suit and the trial court enjoined the City from interfering with their use of the premises. The City appealed and the Appellate Court reversed the decree dismissing the present owners and enjoining any interference with the premises, and remanded with directions that a decree be entered in accordance with the City's prayer in their complaint. The Supreme Court affirmed the decision of the Appellate Court and held that it was the defendants' burden to overcome the presumption that enforcement of the zoning ordinance was for the benefit of the health, safety, and welfare of the public. On facts almost identical to the instant case, the Supreme Court held that the defendants had not overcome that presumption, nor had they demonstrated that the City had done anything to estop the enforcement of such zoning ordinances.

For these reasons, the part of the judgment dismissing the complaint

as to all defendants other than Charles Matthies, and enjoining plaintiff from interfering with defendants in the present use of the subject property is reversed, and the cause remanded with directions to enter a judgment finding the issues and granting relief in favor of plaintiff and against defendants in accordance with the prayer of the complaint.

Judgment reversed in part and remanded with directions.

DIERINGER, P. J., and BURMAN, J., concur.