THE CITY OF CHICAGO, Plaintiff-Appellant, *v.* RONALD HANDLER *et al.,* Defendants-Appellees.

(No. 54269;

First District—October 2, 1972.

Richard L. Curry, Corporation Counsel, of Chicago, (Marvin E. Aspen and Daniel Pascale, Assistant Corporation Counsel, of counsel,) for appellant.

Maurice J. Nathanson, of Chicago, (Gutstein & Cope, and Ronald S. Cope, of counsel,) for appellees.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

The City of Chicago (plaintiff) brought action for the issuance of a mandatory injunction requiring defendants Ronald Handler, Mitchell Bass, Chicago Title & Trust Company, as Trustee under Trust No. 43086 and Harlem Savings Association, to make alterations in a building at 7309 North Damen Avenue in Chicago, allegedly necessary for compliance with applicable zoning and building ordinances and for other relief. (See Ill. Rev. Stat. 1971, ch. 24, par. 11—13—15.) After hearing the evidence, the trial court entered a fine against defendant Bass in the amount of $1000. Bass was the original owner of the property who had erected the structure and thereafter conveyed legal title to the trustee. The court also dismissed the trustee and defendant Harlem Savings Association. The court then enjoined plaintiff from interfering with the use of the building in its present form. Plaintiff appeals.

Plaintiff made a motion before this court for summary reversal and for remandment of the cause for entry of mandatory injunctional relief. This motion is primarily based upon the decision of this court in *City of Chicago v. Exchange National Bank*, 133 Ill.App.2d, 273 N.E.2d 484, affirmed by the Supreme Court on May 22, 1972, 51 Ill.2d 543, 283 N.E.2d 878. There, under very similar circumstances, the Supreme Court affirmed our decision that the City was not estopped from enforcing the provisions of its zoning ordinance and that it was the burden of defendants to overcome the presumption that enforcement of the ordinance would benefit the health, safety and welfare of the general public. Re-

mandment of the cause for the entry of injunctional relief as prayed in the complaint was directed by this court and by the Supreme Court.

However, in their answer to the motion, defendants suggest that there are two additional issues raised here which were not determined in *City of Chicago v. Exchange National Bank, supra.* These issues are that plaintiff has failed to prove a violation of the ordinances and that there is no showing in the record of abuse of discretion by the trial court in denying mandatory injunctional relief. In lieu of ruling upon this motion, we have heard oral argument and this appeal has been given full consideration.

A building inspector with ten years of experience testified that the permit for construction of the building and submitted plans showed that the structure would contain two offices on the first floor and also four bedroom apartments and four efficiencies. He also testified that he inspected the subject property after completion and determined that it contained ten apartments, bedroom and efficiency. At that time, the property was zoned B2-2 under the City Code and was later rezoned to B2-3. The City also called a qualified real estate broker and appraiser who inspected the premises and found that there were ten apartments in the improvements. As thus constructed, the market value of the property was $90,000. If constructed in accordance with the permit, its value would have been between $75,000 and $80,000. No evidence was submitted by defendants.

■■ We note also from the record that a counterclaim filed by the trustee and verified by defendant Ronald Handler alleged that the premises were improved with a brick building containing ten apartments and that, under the applicable provisions of the zoning ordinance, residential uses were not permitted on the first floor of the property. In addition, the judgment order appealed from, ostensibly prepared by counsel for defendants, recites that the builder obtained a permit for construction of a building to contain two offices, four bedroom apartments and four efficiencies but that it was constructed to contain six efficiencies and four bedroom apartments. The trial court orally made the same findings of fact after hearing the evidence. In our opinion, this record shows a violation of the applicable zoning ordinance and of the conditions of the building permit beyond reasonable doubt.

■■ The Illinois Municipal Code of 1969 (Ill. Rev. Stat. 1969, ch. 24, par. 11—13—15), provides that in matters involving violation of Division 13 of the Code pertaining to zoning, the court "* * * in its discretion may issue a restraining order, or a preliminary injunction, as well as a permanent injunction, upon such terms and under such conditions as will do justice and enforce the purposes set forth above."

■■ In describing the writ of injunction, our courts have often held that it is "* * * an extraordinary remedy to be used sparingly with judicial restraint and due continence, and only in a clear and plain case." (*Miollis v. Schneider*, 77 Ill.App.2d 420, 425, 222 N.E.2d 715.) Thus, granting of injunctional relief is always a matter of discretion and the legislature used proper language in authorizing mandatory injunctions in the discretion of the court. The case at bar has been fully tried and carefully considered by the trial court and by this court. In our opinion, the trial court abused its discretion in enjoining enforcement of a valid municipal ordinance. The trial court did so on the expressed theory that plaintiff offered no proof to indicate that public welfare required enforcement of the ordinance and that such enforcement would impose substantial hardship on the present owners. This was completely erroneous. "It was the defendants' burden to overcome the presumption that enforcement was of benefit to the health, safety and welfare of the public." (*City of Chicago v. Exchange National Bank*, 51 Ill.2d 543, 546, 283 N.E.2d 878, and additional authorities therein cited.) Furthermore, granting of affirmative injunctional relief to defendants is patently improper as the counterclaim praying for such relief had been withdrawn by their counsel prior to the entry of judgment. See *Burke v. Burke*, 12 Ill.2d 483, 487, 147 N.E.2d 373; also *Phelps v. Elgin Academy*, 125 Ill.App.2d 364, 369, 260 N.E.2d 864.

■■ Conversely, this record is barren of any factor or reason which could or should have impelled the trial court to deny the relief sought by the plaintiff. Denial of mandatory injunctional relief by the trial court in this case was an abuse of discretion. In *City of Chicago v. Exchange National Bank, supra*, this court remanded the cause with directions for granting the injunctional relief prayed. This disposition was affirmed by the Supreme Court. We also find that in two remarkably similar companion cases decided by the Fourth Division of this court, the same result has been reached and mandatory injunctional relief as prayed was expressly approved. *City of Chicago v. Handler*, 6 Ill.App.3d 915, 287 N.E.2d 31; and *City of Chicago v. Jachimowski*, 6 Ill.App.3d 917, 287 N.E.2d 36.

■■ Insofar as the judgment order appealed from purports to grant injunctional relief against enforcement by plaintiff of all applicable City ordinances, it is reversed. The cause is remanded to the Circuit Court of Cook County with directions for the entry of judgment granting plaintiff the mandatory injunctional relief prayed in its complaint.

Judgment order reversed; cause remanded to Circuit Court with directions.

BURKE and LYONS, JJ., concur.