*In re* CONSERVATORSHIP OF JOHN W. MCHARRY, JR., an Incompetent.— (KEN W. BRAENDLE, Conservator of the person of John W. McHarry, Jr., an Incompetent *et al.*, Petitioners-Appellees, *v.* JOHN W. MCHARRY, M.D. *et al.*, Respondents-Appellants.)

(No. 12230; )

Fourth District—March 20, 1975.

Knuppel, Grosboll, Becker, & Tice, of Petersburg, for appellants.

Telleen, Telleen, & Braendle, of Cambridge, for appellees.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

This is an appeal from an award by the circuit court of Mason county to the conservator of the person of J. W. McHarry, Jr., an incompetent, of $4650 plus expenses.

On September 16, 1971, J. W. McHarry, Jr., was adjudged incompetent. On May 30, 1972, Ken W. Braendle was appointed by the court as conservator of the person of J. W. McHarry, Jr. On October 16, 1972, Braendle petitioned the court for compensation for services rendered in his capacity as conservator of the person from May 30, 1972, to September 16, 1972. On November 16, 1972, a hearing was held before Judge Mills. Ken W. Braendle testified that his duties consisted of looking after McHarry's person, seeing that his needs were taken care of and supervising nursing personnel. He stated that difficulties arose because of disagreements with the family of the incompetent, and that he supervised numerous transfers of the incompetent from various hospitals and nursing homes. He further stated that from May 10, 1972, to September 16, 1972, he devoted 310 hours to caring for his ward. He then produced a summary and valuation of hours for the services performed which read as follows: 310 hours at $15 per hour ($4650), 2,995 miles at $.15 a mile ($449.25), meals ($51.50), and long-distance calls ($24.18). The summary included a daily breakdown of the above expenses. On cross-examination Braendle stated that he was presently the public administrator of Mason

County, but that he did not have a college degree or legal training of any kind. He further stated that many years ago he had served as an estate administrator in another state. Braendle stated that in compiling the summary he went through the original log of his activities and transferred the hours spent (some of the hours were estimated and some were not). The original journal contained a detailed description of the tasks performed by Braendle during the period in question and was written in longhand. He stated that the $15 per hour figure was simply his estimate of what his services were worth, and that the $.15 per mile figure was what he was told was the then going rate.

The only testimony offered by the appellants was provided by attorney John L. Knuppel who represented them in the trial court and in this court. He was sworn, and testified that he went through the original journal prepared by Braendle and concluded that 182 hours and 40 minutes were actually spent by Braendle. He stated that he allotted 15 minutes for each phone call, 30 minutes for each trip to the post office, 45 minutes for a hospital trip, an hour for an attorney's visit, and 3 hours for a Springfield trip. He stated that Braendle's services were worth $5 per hour, and that his own computation of hours should be used by the court.

On December 29, 1972, Judge Mills stated in a memorandum opinion that he found $15 per hour to be reasonable, and that Braendle had devoted 310 hours to his responsibilities. He remarked that Braendle had had prior experience as an administrator, that he had carefully maintained a log of his activities, and that he had devoted extensive time to his duties. He further stated, "I consider not only the evidence produced upon the hearing on the issue of fees, but I also take cognizance of the numerous unusual matters, court appearances, documents presented and court settings that I have participated in regarding the McHarry family * * * All of these matters are of record and I specifically consider these elements in this ruling * * *. Obviously, such intrafamily feuding, in an incompetent's estate of this magnitude, caused undue, extensive and extraordinary responsibility to be shouldered by * * * the conservator of the person * * *. Just as a jury is instructed that it need not put aside its own experience and observations in life, neither do I feel that it is incumbent upon me to ignore my common experiences, both in general practice and on the bench." The court then awarded Braendle compensation in the amount of $4650 plus $51.50 for meals, $24.18 for long distance calls, and $359.40 for travel.

■■ The sole issue in this appeal is the propriety of the fees awarded the conservator of the person. Appellants contend that these fees were excessive. We do not agree. Section 336 of the Probate Act (Ill. Rev.

Stat. 1973, ch. 3, par. 336) stated that "an executor, administrator, administrator to collect, guardian or conservator shall be allowed reasonable compensation for his services * * *." What is reasonable compensation is a matter peculiarly within the province and discretion of the trial court. (*In Re Estate of Alice Jones, Incompetent,* 41 Ill.App.2d 488, 191 N.E.2d 656.) The reasonableness of the fees depends on the circumstances of the individual case. (*McCabe v. Dickerson,* 91 Ill.App. 2d 262, 233 N.E.2d 768.) The court is not bound by the testimony as to the amount of fees to be allowed and may take into consideration its own knowledge of the value of services rendered. *In Re Estate of James,* 10 Ill.App.2d 232, 134 N.E.2d 638.

■■ The trial judge here clearly did not abuse his discretion. He had listened to Braendle's testimony, saw his summary of hours, saw his original journal, and heard the testimony of Mr. Knuppel concerning his estimate of actual hours. Furthermore, the trial judge had presided over various prior proceedings involving the conservator and was familiar with the extended litigation and unique circumstances involved. He obviously was aware of and could take into consideration the vast amount of time necessary to carry on personal conservator duties in such an atmosphere.

The order of the circuit court of Mason County awarding conservator fees should be affirmed.

Order affirmed.

SMITH, P. J., and TRAPP, J., concur.