*In re* ESTATE OF MARTIN B. LEVY.—(ALAN R. MARKS, Claimant-Appellant.)

(No. 60730;

First District (4th Division)—March 26, 1975.

Alan R. Marks, *pro se*.

Reinwald & Sostrin, of Chicago (Lester Reinwald and Morris Sostrin, of counsel), for appellee.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

This action was brought by the estate of Marvin B. Levy, deceased, on its motion for summary judgment, supported by affidavit, to have the amended claim filed against the estate by Alan R. Marks, nephew of deceased, claimant-appellant, in the amount of $1 million, disallowed and denied.

The trial court held that the claimant's brief and affidavit in opposition to the motion for summary judgment and supporting affidavit was insufficient in law and sustained the estate's motion for summary judgment. Accordingly, the trial court entered an order in which the motion for summary judgment was sustained and the amended claim filed by claimant against the estate was declared to be without merit and was denied.

The claimant appeals from the decision of the trial court and raises the issue on review of whether the trial court erred in granting the estate's motion for summary judgment.

Marvin B. Levy died testate on December 19, 1972, at the age of 84, leaving as his only heir at law, his widow, Margaret Levy. The decedent's will, dated November 8, 1972, was admitted to probate by the circuit court on January 29, 1973, and letters testamentary were issued to Margaret Levy and Continental Illinois National Bank and Trust Company of Chicago as co-executors of the Estate. Since the date of their appointment, they have continuously discharged their duties as executors.

The decedent's will bequeathed $5000 to claimant; $150 per month to claimant's mother, decedent's sister, during probate, up to a period of 30 months; and in addition thereto, a legacy in the sum of $50,000. There were bequests totaling $50,000 to other relatives, and he bequeathed the remainder of his estate to Margaret Levy.

On May 15, 1973, the claimant mailed to the co-executors a copy of the claim he filed against the estate of the decedent in the amount of $1 million. After disposing of various motions, the trial court granted leave to the claimant to file an amended claim, in the same amount, on October 11, 1973. In the amended claim, the claimant alleged that on or about July 1, 1950, and again on or about August 1, 1951, the decedent orally offered to bequeath to claimant all of the stock the decedent owned in the Nebraska Salesbook Corporation, which was in the business of

selling business forms. The bequest would be made if the claimant became and remained a full-time employee of the Nebraska Corporation, at decedent's pleasure. The claimant also alleged that he became an employee of the corporation and remained so until the corporation's assets were liquidated in June of 1959; the corporation realized $1 million upon liquidation. The claimant went on to allege that the decedent still owned the same 332 shares of stock in the Nebraska Corporation and was the sole shareholder at his death. However, the claimant points out that the decedent's will failed to bequeath to claimant either the stock or the $1 million realized upon liquidation.

On January 21, 1974, the estate filed its answer to claimant's amended claim. The estate's answer admitted that decedent owned 332 shares of stock in the Nebraska Corporation, but denied the allegations in the amended claim, specifically denying that the decedent ever made the offers alleged by claimant. Then, on February 20, 1974, the estate filed a motion for summary judgment supported in detail by an affidavit. The motion states that the claim of Alan R. Marks is based upon two alleged oral offers made to the claimant by the decedent; that no person, other than the claimant and decedent, was present at the time the alleged oral offers were made; and that the demonstrative evidence, documents and instruments, used by the claimant to establish his claim fail to do so.

The claimant filed his brief in opposition to the motion for summary judgment on March 8, 1974, supported by an affidavit in support of his position. The affidavit was submitted by the claimant along with the same 12 documents that were introduced as exhibits by the estate. On April 11, 1974, the estate filed its motion to strike the brief and affidavit of the claimant on the ground that it was incompetent in law. Then, a hearing was held on May 17, 1974 on the estate's motion for summary judgment. The trial court, after examining the claimant's brief and supporting affidavit in opposition to the motion for summary judgment, held that the claim was invalid and without merit, and claimant's motion was denied.

■■ This court laid down the rules of law that are applicable in summary judgment cases in *Harp v. Gulf, Mobile & Ohio R.R. Co.* (1966), 66 Ill.App.2d 33, 38, 213 N.E.2d 632, 634. The prescribed rules, set forth at page 38, are as follows:

> "The purpose of summary judgment proceedings is to determine whether there is any genuine triable issue of fact which must be passed upon. [Citations.] If the pleadings, discovery depositions and exhibits, present a genuine issue as to any material fact, summary judgment should not be granted. [Citations.] * * * The affidavits filed in support of a motion for summary judgment will be strictly construed and must leave no question of the movant's

right to judgment, but the affidavits filed in opposition thereto will be liberally construed."

This case raises the question of whether the claimant's affidavit presented a genuine triable issue of fact. The primary purpose of affidavits in summary judgment proceedings is to inform the court as to whether the issues are genuine and require a trial. (*Hendricks v. Deterts* (1973), 13 Ill.App 3d 976, 301 N.E.2d 625; *Harrell v. Summers* (1961), 32 Ill.App.2d 358, 361, 178 N.E.2d 133.) Nevertheless, the requirements of an affidavit in opposition to a motion for summary judgment are no different from those in suupport of summary judgment as indicated by Supreme Court Rule 191(a). (Ill. Rev. Stat. 1973, ch. 110A, par. 191(a).) Supreme Court Rule 191(a) provides in part as follows:

"Affidavits in support of and in opposition to a motion for summary judgment under section 57 of the Civil Practice Act * * * shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the claim, counterclaim, or defense is based; shall have attached thereto sworn or certified copies of all papers upon which the affiant relies; shall not consist of conclusions but of facts admissible in evidence; and shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto."

In the case under review, the affidavit submitted by the claimant was liberally construed. Nevertheless, the claimant, if sworn as a witness, would be incompetent to testify as to the oral contract that allegedly existed between him and his deceased uncle. (*In re Estate of Segur* (1972), 5 Ill.App.3d 459, 283 N.E.2d 76.) The claimant would be an incompetent witness because of the "Dead Man's Act" (Ill. Rev. Stat. 1973, ch. 51, § 2), which clearly prohibits the claimant's testimony from being admitted in evidence. The act would prevent the claimant from testifying since he is an interested person, testifying on his own behalf about a conversation with the deceased. The affidavit and 12 exhibits relied upon by the claimant to support his claim, fail to establish that an oral contract existed between the claimant and the decedent. (*Van Cura v. Drangelis* (1963), 43 Ill.App.2d 205, 193 N.E.2d 201.) The documents do not set forth facts upon which a claim could be based. Therefore, we see no reason to disturb the decision of the trial court.

For the foregoing reasons the decision of the circuit court is affirmed.

Affirmed.

DIERINGER, P. J., and ADESKO, J., concur.