571 P.2d 311 (1977)
In the Matter of the ESTATE of Allen G. ABBOTT, Deceased.
Petition of Yvonne ABBOTT, Petitioner-Appellant,
v.
Gean ABBOTT, Personal Representative of the Estate of Allen G. Abbott, Shirley Uhrich, and Hazel Cronk, Respondents-Appellees.
No. 76-508.
Colorado Court of Appeals, Div. II.
July 28, 1977.
Rehearing Denied September 8, 1977.
Certiorari Denied November 21, 1977.
*312 Albert Cohen, Louis A. Weltzer, Denver, for petitioner-appellant.
Dawson, Nagel, Sherman & Howard, Chapman B. Cox, Christopher Lane, David Thomas, III, Denver, for respondents-appellees.
RULAND, Judge.
Petitioner, Yvonne Abbott, appeals from a summary judgment dismissing her petition to claim a widow's elective share in the estate of Allen G. Abbott, deceased. We affirm.
The facts established in conjunction with entry of the summary judgment are these. On July 30, 1963, decedent and Yvonne executed an antenuptial agreement wherein the parties recited their pending marriage and stipulated that neither should by their marriage acquire possession or interest in certain enumerated items of property which they then individually owned. By the terms of the antenuptial agreement, the decedent agreed to name Yvonne as the beneficiary of certain insurance policies, and Yvonne agreed, inter alia, "that she will make no claim against the estate of the said Allen Abbott by virtue of any statute of distribution, widow's allowance, or otherwise. . . ." The parties were married on August 20, 1963.
Decedent executed his will on December 18, 1969, wherein he devised to his eight children the items owned by him and referred to in the antenuptial agreement. A statement by Yvonne was appended to the will of the decedent in which she stated that: "I hereby renounce and release my right to take the statutory share and consent that distribution may be made of the above estate as the same is herein designated to be distributed."
Decedent died on July 4, 1975; his will was admitted to probate pursuant to the Colorado Probate Code; and decedent's son, Gean Abbott, was appointed personal representative. See § 15-10-201(33), C.R.S. 1973.
In response to Yvonne's petition claiming the widow's elective share, the personal representative filed an answer setting forth the terms of the antenuptial agreement as a bar, and subsequently filed a motion for summary judgment. In opposing the motion for summary judgment, Yvonne filed an affidavit in which she stated that at the time she signed the antenuptial agreement, she was not informed as to the extent or value of the property owned by decedent. She further stated that she was under the mistaken impression that the attorney who drew the antenuptial agreement was representing both Yvonne and the decedent, but subsequently discovered that the attorney represented the decedent only. Yvonne therefore alleged that she had no legal representation at the time she signed the agreement, and that she would not have entered into the transaction were she not under the mistaken belief that she was represented by counsel. Additionally, she alleged that she would not have signed the *313 agreement if she had been aware of the extent and nature of decedent's property interests.
Yvonne also filed a motion for summary judgment wherein she contended that the antenuptial agreement could not operate as a waiver of her right to claim an augmented estate under the Colorado Probate Code because the Code was adopted after the agreement was signed.
In conjunction with the first hearing on the personal representative's motion, the trial court ruled that testimony from Yvonne in support of the allegations in the affidavit was inadmissible under the Dead Man's Statute, § 13-90-102, C.R.S. 1973. The court noted that under C.R.C.P. 56, an affidavit in opposition to a motion for summary judgment must reflect admissible evidence. The trial court therefore granted an additional 20 days for Yvonne to submit further affidavits.
Yvonne filed a second affidavit which noted that the inventory filed in the decedent's estate reflected assets having a gross value of $593,670.93, whereas the amount due Yvonne as the result of decedent's death was only $35,477.49, in the form of insurance proceeds. Yvonne therefore alleged that this disparity was so gross as to render the prenuptial contract unconscionable and thus void.
Prior to a second hearing on the personal representative's motion for summary judgment, two of decedent's daughters also filed an answer to Yvonne's petition wherein they "asked to call witnesses and take testimony to determine the merits of Yvonne's claim." Gean Abbott then sought leave to intervene in his individual capacity as a devisee under the will and filed an answer which adopted by reference the answer and motion he had previously filed as personal representative. The other five children did not file any response to Yvonne's petition.
Following a second hearing, the trial court granted the personal representative's motion for summary judgment and denied Yvonne's motion.
Yvonne first contends that since she is not seeking to take assets away from the estate, but rather is seeking to redistribute those assets between herself as surviving spouse and the distributees under the will, the personal representative had no standing to oppose her petition. Even assuming the personal representative lacked standing to oppose the petition, see § 15-12-703(1), C.R.S. 1973; Risbry v. Swan, 124 Colo. 567, 239 P.2d 600 (1951), we conclude that he was entitled to oppose Yvonne's petition as a devisee under decedent's will and in such capacity could raise the bar of the Dead Man's Statute.
A judgment granting Yvonne's petition would adversely affect the interest of any distributee under decedent's will and the Probate Code expressly provides for notice and an opportunity for the distributees to appear at any hearing on Yvonne's petition. Section 15-11-205(2), C.R.S. 1973. The requirement for notice and an opportunity to appear must be deemed to include the right to oppose the petition.
Yvonne next contends that the trial court erred in concluding that her affidavit failed to set forth material issues of fact for resolution at a trial because she was disqualified from testifying under the Dead Man's Statute. In support of her position, she relies upon cases such as Phillips v. Joseph Kantor & Co., 31 N.Y.2d 307, 338 N.Y.S.2d 882, 291 N.E.2d 129 (1972), for the proposition that since the bar of the Dead Man's Statute may be waived at the time of trial, or since it may subsequently appear that an exception to the statute applies, the trial court may not reject an affidavit on the basis of that statute. In further support of her position, Yvonne points to the answer filed by two of the decedent's daughters and to the statement of their attorney during a hearing on the motion for summary judgment that "should a trial ensue, [we] would call Yvonne Abbott as an adverse witness and cross-examine her and ask her questions about the premarital agreement, together with any nondisclosure of assets, to get to the merits of that controversy." We conclude that the trial court's ruling was correct.
As to affidavits submitted in conjunction with a motion for summary judgment, C.R.C.P. 56(e) provides:

*314 "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."
In construing a similar provision of the Federal Rules of Civil Procedure, it has been established by the Federal Courts that the affidavit must contain evidentiary material, which, if the affiant were in court and testifying on the witness stand, would be admissible as part of his testimony. See, e. g., Stevens v. Barnard, 512 F.2d 876 (10th Cir. 1975); American Security Co. v. Hamilton Glass Co., 254 F.2d 889 (7th Cir. 1958); see also 6 J. Moore, Federal Practice ¶ 56.22[1]. Hence, a failure to state admissible facts in the affidavit, based on the affiant's personal knowledge, may justify the court in entering summary judgment for the opposing party. See 4 V. Dittman, Colorado Practice § 56.6.
Those state courts which have considered the issue do not agree as to whether an affidavit by one incompetent to testify under the Dead Man's Statute may be used for the purpose of defeating a motion for summary judgment. See Annot., 67 A.L.R.3d 970. However, we are persuaded that where, as here, the trial court provides the claimant with an additional opportunity to produce an affidavit reflecting admissible evidence, and she fails to do so, summary judgment in favor of an heir or devisee who has demonstrated an intent to rely upon the Dead Man's Statute is proper. See Marks v. Levy, 27 Ill.App.3d 362, 326 N.E.2d 503 (1975). Otherwise the salutary purpose of C.R.C.P. 56 to avoid unnecessary trials would be thwarted. 4 V. Dittman, Colorado Practice § 56.1. Also, and contrary to Yvonne's contention, the fact that two of the daughters have affirmatively indicated they would waive the statute at trial does not preclude entry of summary judgment. Rather, the statute disqualifies Yvonne from testifying if, as here, "any adverse party" defends and raises the bar of the statute. Section 13-90-102, C.R.S. 1973.
Yvonne's next contention is that, aside from her allegations in the affidavit, material issues of fact were raised even as against Gean Abbott by other documents before the court and thus entry of summary judgment was improper. In support of this contention, Yvonne, relies upon the inventory filed in the estate reflecting that the gross value of decedent's assets equalled $593,670.93, and the fact that the distribution to her by reason of decedent's death amounted only to $35,477.49. On this basis, Yvonne urges that the gross disparity raises a presumption of unconscionability thus shifting the burden to the personal representative to show that the antenuptial agreement was valid. We find no merit in this contention.
In various jurisdictions, if a court concludes that the provisions for a wife made in an antenuptial agreement are manifestly unreasonable and grossly disproportionate, the presumption of designed concealment arises and shifts the burden of proof to the personal representative to demonstrate that full and fair disclosure was made. See Annot., 27 A.L.R.2d 883. In the present case, the antenuptial agreement itemizes the various assets of the decedent, but fails to indicate their value. However, we find no authority for application of any presumption of nondisclosure in this jurisdiction.
Our appellate courts have held that one who contests the validity of the provisions of an antenuptial agreement has the burden of proving fraud, concealment, or failure to disclose material information. Moats v. Moats, 168 Colo. 120, 450 P.2d 64 (1969); Linker v. Linker, 28 Colo.App. 131, 470 P.2d 921 (1970). The fact that the amount received by a widow under the antenuptial agreement is disproportionate to the value of the decedent's assets does not affect the burden of proof. See, e. g., In re Estate of Stever, 155 Colo. 1, 392 P.2d 286 (1964).
On the other hand, even assuming that the presumption were available to Yvonne in this jurisdiction, it would not apply under the circumstances presented here. The antenuptial agreement was executed on July 30, 1963. The inventory for the estate was not prepared until approximately 12 years later and is dated December *315 10, 1975. There is no indication in the affidavit as to the value of the various assets on the date the agreement was signed; and, the inventory would not be admissible evidence to show the value of the assets on a date 12 years earlier. See Dittbrenner v. Myerson, 114 Colo. 448, 167 P.2d 15 (1946). Therefore, the affidavit was insufficient to raise a material issue of fact. C.R.C.P. 56(e); 4 V. Dittman, Colorado Practice § 56.6.
As a final contention Yvonne asserts that since her rights relative to the augmented estate under the Colorado Probate Code were established by the General Assembly subsequent to the date of the antenuptial agreement, she was incapable of executing a waiver thereto and that thus the denial of her motion for summary judgment was error. This contention has no merit. We have previously held that the provisions of the Probate Code pertaining to the augmented estate, § 15-11-202(1), C.R.S. 1973, do not have retroactive effect. In re Estate of Novitt, Colo.App., 549 P.2d 805 (1976).
Judgment affirmed.
ENOCH and KELLY, JJ., concur.