A. THEODORE KAMBEROS, as Independent Adm'r of the Estate of Patricia M. Murray, Deceased, Plaintiff-Appellant, v. ANN MAGNUSON, Defendant-Appellee.

First District (2nd Division)   No. 86—1371

Opinion filed June 16, 1987.—Rehearing denied July 7, 1987.

Joseph C. Owens, of Joseph C. Owens, P.C., of Chicago, for appellant.

William J. Harte and Mary E. Rosen, both of William J. Harte, Ltd., of Chicago, for appellee.

JUSTICE BILANDIC delivered the opinion of the court:

This is an appeal from the granting of summary judgment in favor of defendant.

In May 1983, plaintiff, Mrs. Patricia Murray, filed suit against defendant, Ann Magnuson, seeking imposition of a constructive trust upon monies bequeathed to defendant allegedly for plaintiff's benefit by the will of John Abens, deceased. The claim for constructive trust is founded upon the allegation that defendant abused a confidential relationship she shared with Abens. Defendant filed a motion to dismiss which was denied.

Thereafter, on March 28, 1984, plaintiff Murray died. Her son-in-law, A. Theodore Kamberos, was appointed independent administrator of her estate and was substituted as party plaintiff in the place of Murray on November 7, 1984.

A motion for summary judgment was filed by defendant and discovery undertaken pursuant to a court order stating that the taking of depositions did not waive the application of the Dead Man's Act. (Ill. Rev. Stat. 1985, ch. 110, par. 8—201.) Depositions of defendant Ann Magnuson and Nora Kamberos, daughter of Patricia Murray and wife of the independent administrator, were taken. Plaintiff filed responsive pleadings incorporating the discovery depositions. Defendant filed a reply attaching the same depositions. Summary judgment was entered in favor of defendant. Plaintiff appeals.

John Abens died in 1981, survived by his wife and their three children. Defendant Magnuson was the sister-in-law of Abens. She is also the co-executor and co-trustee of his estate. Abens' will has a specific bequest of $400,000 to Magnuson. Plaintiff is claiming the $400,000, seeking imposition of a constructive trust for her benefit on this bequest. The evidence upon which plaintiff relies to establish the constructive trust consists of certain conversations with the decedent during his lifetime. The trial court ruled that the Dead Man's Act barred evidence of the conversations with the decedent or acts in the presence of the decedent. This ruling effectively left the plaintiff without any admissible proof to support her theory.

The discovery depositions developed the following facts. During his lifetime, Abens requested that Magnuson take care of Mrs. Murray, his mistress, after his death. However, he never stated that Magnuson was to give the $400,000 legacy to Murray. Although the bequest to Magnuson was not conditioned on Magnuson's taking care of Murray, Magnuson told Murray that she would be taken care of.

After Abens died, Magnuson gave Mrs. Murray $1,000 from her personal funds. Murray asked for more money but Magnuson refused

until the estate was settled.

Patricia Murray was, until her death, married to James A. Murray. Patricia and James had six children. Mrs. Murray was the mistress of John Abens from 1968 or 1969 until his death in 1981 but never resided with him. She worked for Abens' company for approximately four years from 1968 through 1972, and then had a part-time job elsewhere from 1973 to 1979. Mrs. Murray left her family home in June or July of 1976 to reside in an apartment with two of her daughters. The application for the lease of the apartment was in the name of Ann Magnuson. For approximately one year in 1976, Magnuson paid the rent to the rental agent and was reimbursed by Abens. After that, she had no involvement in the lease or rent arrangements. Abens gave Murray gifts of clothing, jewelry, cars and money.

After Abens' death, Murray received money from her children and also lived on money she saved from funds given her by Abens during his lifetime. The estate of Abens is not settled.

Following the death of Abens, Patricia Murray did not file any claim or institute any legal proceedings against his estate. After her death, her estate followed the same policy. The only action instituted regarding the relationship between Patricia Murray and John Abens is this proceeding against Ann Magnuson. Murray and Abens were survived by their respective spouses and children.

The estate of Patricia Murray claims a constructive trust in reliance on three separate conversations which took place between: (1) John Abens and Ann Magnuson; (2) John Abens and Patricia Murray; and (3) John Abens and Nora Kamberos.

In granting summary judgment in favor of defendant, the trial court found that the Dead Man's Act (Ill. Rev. Stat. 1985, ch. 110, par. 8—201) applies in this case to bar the testimony of Ann Magnuson and Nora Kamberos regarding their conversations with Abens; that the conversations of Murray, Abens and Kamberos were inadmissible hearsay; and that although there is some evidence of a claim for support, this claim terminated at the death of Patricia Murray and is not material to the claim of constructive trust for the legacy by the administrator of the estate of Patricia Murray.

The issues presented for review are: (1) whether the Dead Man's Act applies to bar the testimony of Nora Kamberos and Ann Magnuson regarding their conversations with John Abens; and (2) whether there is a genuine issue of material fact on the issue of the failure of plaintiff to establish a claim for constructive trust against defendant.

## I

The Dead Man's Act provides in pertinent part:

"In the trial of any action in which any party sues or defends as the representative of a deceased person \*\*\*, no adverse party or person directly interested in the action shall be allowed to testify on his or her own behalf to any conversation with the deceased \*\*\* or to any event which took place in the presence of the deceased \*\*\*." Ill. Rev. Stat. 1985, ch. 110, par. 8—201.

■ The principal purpose of the Dead Man's Act is protection of decedents' estates from fraudulent claims. (*Mortimer v. Mortimer* (1972), 6 Ill. App. 3d 217, 221, 285 N.E.2d 542.) This purpose is accomplished by prohibiting a party to a civil action from testifying on his own motion or in his own behalf when the adverse party sues or defends as an executor, administrator, heir, legatee or devisee. (6 Ill. App. 3d 217, 221, 285 N.E.2d 542.) In determining whether the statute applies, it is important to ascertain whether the action is brought or defended by a person in the capacity of personal representative, heir, legatee or devisee, or whether it involves or tends to impair the estate of a decedent. 6 Ill. App. 3d 217, 221, 285 N.E.2d 542.

The conversations at issue here are those wherein Abens told Magnuson to take care of Murray and wherein Abens told Murray and Nora Kamberos that he was going to take care of Murray after his death. Plaintiff contends that the Dead Man's Act does not apply because Magnuson is being sued individually for the purpose of establishing an oral constructive trust for the benefit of Murray. This argument ignores the fact that the corpus of the alleged constructive trust will consist of the entire legacy to be received by Magnuson from the estate of Abens. It also ignores the fact that Magnuson is also a co-executor and co-trustee of the estate of the decedent.

■ Plaintiff is disputing the specific legacy of $400,000 to Magnuson. Magnuson is defending that legacy. Therefore, both Magnuson and Murray are barred from testifying on their "own behalf to any conversation with the deceased \*\*\* or to any event which took place in the presence of the deceased \*\*\*." Ill. Rev. Stat. 1985, ch. 110, par. 8—201.

Upon Murray's death, the incompetency to testify under the Dead Man's Act logically extends to her daughter, Nora Kamberos. Prior to her mother's death, Kamberos might have been competent to testify, with only her credibility being affected by her then contingent interest. (*In re Estate of Franke* (1970), 124 Ill. App. 2d 24, 259 N.E.2d 841.) With Murray's death, Nora Kamberos no longer has merely a

contingent interest in the litigation, but rather a direct, personal interest, which renders her testimony incompetent under the Dead Man's Act.

■ This incompetency also extends to any conversation between Kamberos and Murray concerning Abens' statement to Murray. Although this conversation allegedly occurred out of decedent's presence, it grows out of a conversation with the decedent and is plainly prohibited by the Dead Man's Act. (See *Manning v. Mock* (1983), 119 Ill. App. 3d 788, 800, 457 N.E.2d 447.) Such statements also constitute inadmissible hearsay, which will not be taken into account on a motion for summary judgment. *Luthy v. Keehner* (1980), 90 Ill. App. 3d 127, 412 N.E.2d 1091, *appeal denied* (1981), 83 Ill. 2d 570.

Plaintiff also contends that some of the conversations between Magnuson and Abens are competent as admissions against interest. This argument is not persuasive because the statements made by Magnuson do not relate to plaintiff's claim for the entire amount of the legacy. Therefore, not being adverse to her interests, the statements are barred by the Dead Man's Act.

## II

■ Plaintiff contends that the imposition of a constructive trust on the Magnuson legacy will not affect the Abens' estate and, therefore, the Dead Man's Act does not apply. However, as previously stated, testimony is excluded if the action tends to impair the estate *or* if a party is suing or defending as a representative of the deceased. (Emphasis added.) *(Mortimer v. Mortimer* (1972), 6 Ill. App. 3d 217, 285 N.E.2d 542.) Therefore, even if the action would not impair the estate, Magnuson is defending her legacy and the statute will apply.

## III

■ Illinois Supreme Court Rule 191 provides that an affidavit in opposition to a summary judgment motion "shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto." (107 Ill. 2d R. 191.) Under the Dead Man's Act, Magnuson and Nora Kamberos are incompetent to testify as to the statements between themselves and Abens. Therefore, the court did not err in applying the Dead Man's Act and barring such testimony when considering the motion for summary judgment.

■ The function of the reviewing court upon the trial court's entry of summary judgment is to determine whether the trial court correctly ruled that no genuine issue of material fact had been raised and

if none was raised, whether judgment was correctly entered as a matter of law. (*Fuller v. Justice* (1983), 117 Ill. App. 3d 933, 453 N.E.2d 1133.) The issue is whether the pleadings, depositions and admissions on file show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. (*Kolakowski v. Voris* (1980), 83 Ill. 2d 388, 415 N.E.2d 397.) The facts must be admissible and material to be relied upon in a summary judgment proceeding. See *Willison v. Stoutin* (1972), 4 Ill. App. 3d 490, 280 N.E.2d 564.

■ In the instant case, Abens' will directly bequests $400,000 to Ann Magnuson with no apparent restrictions. In view of our determination regarding the inadmissibility of the statements under the Dead Man's Act, there is no competent evidence that Abens intended the $400,000 legacy to go to Murray and, therefore, summary judgment was proper.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

SCARIANO, P.J., and HARTMAN, J., concur.