STANLEY COLEMAN, Plaintiff-Appellee, v. WALTER HEIDKE, Defendant-Appellant.

Fifth District    No. 5—96—0336

Opinion filed August 18, 1997.—Rehearing denied September 15, 1997.

Mark P. Spengler, of Callis, Papa, Jensen, Jackstadt & Halloran, P.C., of Granite City, for appellant.

Kathleen A. Buckley, of Lakin Law Firm, P.C., of Wood River, for appellee.

JUSTICE VIRGILIO delivered the opinion of the court:

The plaintiff, Stanley Coleman, filed this action against the defendant, Dr. Walter B. Heidke, to enforce a promissory note Dr. Heidke issued to Alice Price, now deceased. Stanley Coleman obtained a one-half interest in the note following a will contest that arose after the death of Alice Price.

Stanley Coleman moved for summary judgment on the grounds that the Dead-Man's Act (735 ILCS 5/8—201 (West 1996)) barred any testimony dealing with the enforcement terms of the note. The circuit court of Madison County granted the plaintiff's motion for summary judgment, finding that the Dead-Man's Act barred the testimony of Dr. Heidke concerning his defenses to the enforcement of the note. In addition, the trial court found that Mr. Coleman was a holder in due course of the note and was not subject to any special defenses against its enforcement.

There are two issues in this appeal: (1) whether the Dead-Man's Act bars the testimony of the maker of a promissory note as to defenses that impair the enforceability of the note, and (2) whether someone who obtained an interest in a note from the settlement of a will contest is a holder in due course.

We affirm the summary judgment entered by the trial court that testimony of Dr. Heidke concerning defenses to the enforceability of the note is barred by the Dead-Man's Act and that Stanley Coleman is a holder in due course of the note.

## I. BACKGROUND

On April 24, 1987, Alice Price executed a will naming Stanley Coleman as executor and sole beneficiary of her estate. Sometime after Alice Price's death, the heirs at law filed a petition to contest the will. The will contest was subsequently settled, and the settlement agreement awarded certain property to the heirs and other property to Stanley Coleman. A promissory note, which is at issue in this case, was distributed as an undivided one-half interest to the heirs and the remaining one-half interest to Stanley Coleman. The note was signed by Dr. Heidke on January 8, 1983, and Dr. Heidke made payments on the note until Alice Price died. The note is unconditional on its face and contains no defenses to its enforcement.

After filing suit, the plaintiff filed a motion for summary judgment, alleging that the Dead-Man's Act barred any defenses against enforcement of the promissory note. On April 8, 1996, the trial court granted summary judgment in favor of the plaintiff, holding that the Dead-Man's Act applied and that Stanley Coleman was a holder in due course of the note.

## II. DEAD-MAN'S ACT

■ Section 8—201 of the Illinois Code of Civil Procedure, also known as the Dead-Man's Act, provides in pertinent part:

> "In the trial of any action in which any party sues or defends as the representative of a deceased person ***, no adverse party or person directly interested in the action shall be allowed to testify on his or her own behalf to any conversation with the deceased *** or to any event which took place in the presence of the deceased ***.
>
> * * *
>
> *** 'Representative' means any executor, administrator, heir or legatee of a deceased person and any guardian or trustee of any such heir or legatee, or a guardian or guardian ad litem for a person under legal disability." 735 ILCS 5/8—201 (West 1996).

The purpose of the Dead-Man's Act is to bar evidence that a deceased person could have refuted. *Brown v. Arco Petroleum Products Co.*, 195 Ill. App. 3d 563, 552 N.E.2d 1003 (1989). It prevents interested claimants from testifying on their own behalf about conversations with the deceased person. *In re Estate of Levy*, 27 Ill. App. 3d 362, 326 N.E.2d 503 (1975). In order for the Dead-Man's Act to apply, the

plaintiff must sue or defend as a representative of a deceased person and not as an individual. *Light v. Steward,* 128 Ill. App. 3d 587, 470 N.E.2d 1180 (1984). By definition, a representative is an executor, administrator, heir, legatee, or guardian.

■ Dr. Heidke seeks to testify on his own behalf as to the events and conversations with Alice Price surrounding the execution of the promissory note. The defendant cites *Smith v. Haran,* 273 Ill. App. 3d 866, 652 N.E.2d 1167 (1995), in which the appellate court held that the Dead-Man's Act did not apply and that the makers of a note should have been allowed to testify that the decedent never gave them any money in connection with the note. This case is clearly distinguishable. The court held that the Dead-Man's Act could not apply because a nonevent (not receiving money from the deceased) could not have taken place in the presence of the deceased as required by the Act. In the case at bar Dr. Heidke is not seeking to testify as to a nonevent.

Next, the defendant claims that since Stanley Coleman did not allege in his complaint that he is suing in his representative capacity, he is only suing in his individual capacity and the Act does not apply. However, based on the clear language of the statute, the Dead-Man's Act is not restricted to probate actions filed on behalf of an estate or decedent. It applies to any action in which the representative of the deceased person sues or defends. As such, it pertains not only to actions where a representative sues to protect the interests of an estate, but also to actions brought by heirs and legatees to protect their status and rights as heirs and legatees. See *Smith v. Haran,* 273 Ill. App. 3d 866, 652 N.E.2d 1167 (1995).

The defendant further argues that, once Stanley Coleman entered into the settlement agreement, any status he may have had as a legatee was waived. The defendant relies on *Andrews v. Matthewson,* 332 Ill. App. 325, 75 N.E.2d 123 (1947), in which the administratrix of an estate who sued the comakers of a note payable to the decedent was not entitled to invoke the Dead-Man's Act because she brought the suit individually and not in her representative capacity. This case is also distinguishable from the case at bar. In *Andrews,* the note had been assigned to an independent party who subsequently reassigned the note to the administratrix. As such, the administratrix was an assignee and not entitled to rely on the Dead-Man's Act.

It is clear that the plaintiff obtained his interest in the note, first, as the sole legatee of Mrs. Price's will and, second, pursuant to the settlement agreement. His interest was pursuant to the distribution of the estate and not as an uninterested party or an assignee. For this court to find that the plaintiff lost his status as a legatee by set-

tling with the heirs would create a dangerous precedent and an unjust result. Parties would in effect be discouraged from settling a will contest, thereby consuming valuable court time and resources.

Finally, the defendant's argument that the plaintiff is a residuary legatee is similarly misplaced. The plaintiff was a sole beneficiary named in Alice Price's will. The fact that the heirs at law filed a will contest that was subsequently settled does not change the plaintiff to a residuary legatee.

## III. HOLDER IN DUE COURSE

The defendant alleges in issue II of his brief that the plaintiff is not a holder in due course and took the note subject to claims or defenses that may have been asserted against Alice Price.

■ A holder in due course is someone who takes an instrument that appears to be facially valid, for value, in good faith, without notice that it is overdue, dishonored, or subject to an uncured default with respect to payment, contains no unauthorized signature, has not been altered, and is not subject to certain other defenses. 810 ILCS 5/3—302(a)(1), (a)(2) (West 1996). Since this court has held that the Dead-Man's Act applies in this case, evidence of possible defenses to the execution of the note is inadmissible. Therefore, Alice Price is a holder in due course.

■ The defendant counterargues that even if Alice Price was a holder in due course, Stanley Coleman still cannot be a holder in due course because the Uniform Commercial Code indicates that a person does not acquire the rights of a holder in due course if the note is taken as a successor to an estate.

Under section 3—302(c) of the Uniform Commercial Code, "(e)xcept to the extent a *** predecessor in interest has rights as a holder in due course, a person does not acquire rights of a holder in due course of an instrument taken *** as the successor in interest to an estate or other organization." 810 ILCS 5/3—302(c) (West 1996). Thus, it is clear that one who takes a note pursuant to the distribution of an estate is a holder in due course as long as the decedent was a holder in due course. 810 ILCS 5/3—302(c) (West 1996); *Rago v. Cosmopolitan National Bank*, 89 Ill. App. 2d 12, 232 N.E.2d 88 (1967). A legatee who legally obtains a note through the disposition of an estate is not a holder in due course only if the decedent was not a holder in due course.

In the case at bar, since Alice Price was a holder in due course and protected from any defenses pursuant to application of the Dead-Man's Act, and even though Mr. Coleman received his interest in the note through the disposition of Mrs. Price's estate, Mr. Coleman is a

holder in due course and entitled to enforce the terms of the promissory note.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

KUEHN, P.J., and HOPKINS, J., concur.