*In re* ESTATE OF BERNADINE C. GOFFINET, Deceased (Christine Kresse, Petitioner-Appellant, v. Union Planters Bank, NA, Successor to Magna Trust Company, Ex'r of the Estate of Bernadine C. Goffinet, Deceased, Respondent-Appellee).

Fourth District    No. 4—00—0157

Argued October 12, 2000.—Opinion filed January 3, 2001.

MYERSCOUGH, J., specially concurring in part and dissenting in part.

Michael J. Bland and Theodore J. Harvatin (argued), both of Harvatin & Lanterman, P.C., of Springfield, for appellant.

Wayne L. Bickes (argued), of Bickes, Wilson & Moss, of Decatur, for appellee.

JUSTICE COOK delivered the opinion of the court:

In December 1998, Christine Kresse, decedent Bernadine Goffinet's daughter, commenced this action by filing claims against the estate for personal services rendered as guardian of Bernadine's person (755 ILCS 5/11a—17 (West 1992)) from October 1993 to June 1998. During trial, the court barred a portion of Kresse's testimony based upon section 8—201 of the Code of Civil Procedure (Code), often referred to as the Dead-Man's Act (alternately referred to herein as the Act) (735 ILCS 5/8—201 (West 1998)). Kresse appeals, arguing that (1) the trial court erred in its application of the Act to her claim against the estate; and (2) if the trial court properly applied the Act, the court abused its discretion in the amount of mileage reimbursement and attorney fees awarded. We affirm in part, reverse in part, and remand with directions.

## I. BACKGROUND

Bernadine had three daughters, Christine Kresse, Phyllis Bankson, and Kay Buzan, and a son, James E. Goffinet. In October 1993, James and Kay filed a petition for guardianship in Macon County. Each family retained its own attorney throughout these proceedings. Kresse initially opposed a guardian for her mother. However, once James and Kay filed the petition for guardianship, she asked to be sole guardian; Bernadine's other children asked that they all serve as guardian together. In 1993, the court appointed Kresse sole guardian of Bernadine's person and she served in that capacity until her mother's death in June 1998. The court appointed Magna Trust Company, the predecessor to respondent, Union Planters Bank (Bank), guardian of Bernadine's estate and appointed Kresse guardian of her person.

Bernadine's daughters and James' three children survived her. The will left the residue of her estate to her four children, in equal shares *per stirpes*. The Bank serves as executor. Following the probate of Bernadine's will, Kresse and her attorney, Charles J. Gramlich, filed four separate claims against the estate: (1) Gramlich's claim for $3,743.25 for unpaid attorney fees incurred by Kresse; (2) Kresse's

claim for personal services rendered as guardian of Bernadine's person for over $120,000; (3) Kresse's claim for over $100,000 for personal services rendered pursuant to section 18—1.1 of the Probate Act of 1975 (Probate Act) (755 ILCS 5/18—1.1 (West 1998)) for Bernadine's care; and (4) Kresse's claim for $9,673.18 for attorney fees incurred by her as the guardian of Bernadine's person.

The executor filed a demand for a bill of particulars as to all four claims. Kresse filed a motion to withdraw her claim for over $100,000 under section 18—1.1 of the Probate Act (755 ILCS 5/18—1.1 (West 1998)), which the court granted.

In August 1999, the trial court commenced the hearing on the claims. Greg Johnson, the Bank's trust officer, testified that the Bank paid caregivers for taking care of Bernadine throughout the guardianship. He also testified that the Bank reimbursed Kresse as guardian of Bernadine's person.

During the guardianship, the trial court granted a petition authorizing the Bank, as guardian of the estate, to make gifts up to $10,000 individually and $30,000 per family each year to the four families of Bernadine's children.

During the August 1999 hearing, Kresse testified that the attorney fees for which she sought reimbursement were for services to obtain the gifts throughout the guardianship and fees charged for preparing and prosecuting the instant claim. Kresse attempted to testify to a log containing a summary of what she did for her mother as guardian of the person, but the executor objected to this testimony on the basis of the Act. At the hearing, the executor provided the court a memorandum in support of the Act's application. Kresse's attorney said that he had just received the memo that day, and he sought time to read the cases and address the issue it raised. The trial court ruled that, based upon the Act, Kresse could not testify about services she performed in Bernadine's presence.

In September 1999, the trial court held further hearings. The court held that contemporaneous records maintained by Kresse were inadmissible to the extent that those records represented services rendered in Bernadine's presence. Kresse made several offers of proof during the hearings concerning the services that she performed in her mother's presence.

In November 1999, the court issued its ruling as follows: (1) the attorney time records lacked detail and generally did not distinguish between the attorney fees for representing Kresse individually in connection with the benefits she received as part of the estate planning and those that she incurred in her capacity as guardian of Bernadine's person; (2) attorney fees for services rendered to Kresse in connection

with the gifting program would be inappropriate; (3) the court awarded $817.50 for attorney fees that it was able to trace to her duties as guardian; (4) the court awarded Kresse $7,685.32 that it found to be her unreimbursed out-of-pocket expenses; and (5) the court awarded Kresse $15,000 as a reasonable fee for her services as guardian of Bernadine's person.

In December 1999, Kresse filed a motion for reconsideration and/or clarification, which the court granted in part and denied in part. In January 1999, the court modified its order to indicate that it intended the $15,000 award to include mileage. This appeal followed.

## II. ANALYSIS

### A. Application of the Act

■ The Bank, as executor, contends that the trial court properly applied the Act, which provides as follows:

"Dead-Man's Act. In the trial of any action in which any party sues or defends as the representative of a deceased person ***, no adverse party or person directly interested in the action shall be allowed to testify on his or her own behalf to any conversation with the deceased *** or to any event which took place in the presence of the deceased ***, except in the following instances[.]" 735 ILCS 5/8—201 (West 1998).

■ The Act bars an interested party from testifying on his or her own behalf to conversations with the deceased or to events that took place in the presence of the deceased. *Kamberos v. Magnuson*, 156 Ill. App. 3d 800, 804, 510 N.E.2d 112, 114-15 (1987). The purpose of the Act is to protect the decedent's estate from fraudulent claims. *Simon v. Plotkin*, 50 Ill. App. 3d 603, 607, 365 N.E.2d 1022, 1024 (1977). It bars evidence that the deceased person could have refuted. *Coleman v. Heidke*, 291 Ill. App. 3d 670, 672, 684 N.E.2d 163, 165 (1997). If neither party raises any question on appeal concerning the competency of either the respondent or the petitioner to testify as to transactions and conversations with the decedent, the matter is deemed waived. *Estate of Kloss*, 57 Ill. App. 2d 118, 123, 207 N.E.2d 92, 95 (1965). Here, the Bank objected.

■ A trial court's ruling on an issue involving the Act (735 ILCS 5/8—201 (West 1998)) will not be reversed unless the error was substantially prejudicial and affected the outcome of the trial. *In re Estate of Kline*, 245 Ill. App. 3d 413, 429, 613 N.E.2d 1329, 1341 (1993). The party seeking reversal bears the burden of showing prejudice. *White v. Raines*, 215 Ill. App. 3d 49, 60, 574 N.E.2d 272, 280 (1991). However, *de novo* review applies to issues of statutory construction. *Department of Public Aid ex rel. Davis v. Brewer*, 183 Ill. 2d 540, 554, 702 N.E.2d 563, 569 (1998).

Kresse argues that the trial court erred in applying the Act as barring her testimony about services that she performed on Bernadine's behalf to the extent that Kresse performed those services in Bernadine's presence. She maintains that the trial court previously made her guardian of Bernadine's person (755 ILCS 5/11a—17 (West 1992)) in conformance with the Probate Act (755 ILCS 5/11a—1 through 11a—23 (West 1992)). As guardian of Bernadine's person, Kresse had broad powers to act in the best interests of the ward. *In re Estate of D.W.*, 134 Ill. App. 3d 788, 791, 481 N.E.2d 355, 356-57 (1985). She testified that she played an active role as guardian.

■ Under the Probate Act, a representative is entitled to reasonable compensation for the services rendered. 755 ILCS 5/27—1 (West 1998). The Probate Act defines a "representative" to include a "guardian" under its definition. 755 ILCS 5/1—2.15 (West 1998). Guardians of disabled adults are entitled to receive compensation from the ward's estate for services performed to meet the emotional needs of the ward for such things as human contact and companionship, visits with the ward, and taking the ward on outings. *In re Estate of Donnelly*, 98 Ill. 2d 24, 29-32, 455 N.E.2d 88, 91-92 (1983). The guardian of the person may petition the court for an order directing the guardian of the estate to pay an amount periodically for provision of the services specified by the court order. 755 ILCS 5/11a—17(a) (West 1998).

■ The Probate Act provides that a court may direct the guardian of a person to file a report containing various information about the ward's condition and status, including a summary of the guardian's visits with and activities on behalf of the ward. 755 ILCS 5/11a—17(b) (West 1998). Thus, a guardian of the person is under the continuing direction and supervision of the court.

No court has ever held that the type of testimony that Kresse wishes to provide is barred because of the Act. Kresse relies on *In re Conservatorship of McHarry*, 26 Ill. App. 3d 268, 325 N.E.2d 131 (1975), for support. In *McHarry*, the court allowed into evidence an independent conservator's journal of hours and activities spent caring for his ward. *McHarry*, 26 Ill. App. 3d at 271, 325 N.E.2d at 133. Kresse argues that *McHarry* suggests that her log was admissible as an exception to or regardless of the Act. *McHarry* is of limited support in the instant case since the court did not analyze application of the Act; however, it provides an example of a trial court considering this type of information in determining fees.

■ In addition, section 8—601 of the Code states as follows:
"Laws not affected. Nothing in this Article shall in any manner affect the laws now existing relating to the settlement of the estates of deceased persons, minors, persons under legal disability who

have guardians, or to the acknowledgment or proof of deeds and other conveyances relating to real estate, in order to entitle the same to be recorded, or to the attestation of the execution of last wills or of any other instrument required by law to be attested." 735 ILCS 5/8—601 (West 1998).

This provision applies to the Act, and thus this court must interpret the Act harmoniously with the Probate Act. Under the Probate Act, as stated above, a representative is entitled to reasonable compensation for the services rendered. 755 ILCS 5/27—1 (West 1998). We must allow a guardian of the person to testify as to all services rendered as guardian of the person, even those that take place in the presence of the decedent. To interpret the Act otherwise would so affect the compensation provision of the Probate Act (755 ILCS 5/27—1 (West 1998)) as to practically invalidate it. This is true because a large portion of the acts performed as guardian of the person will necessarily be in the presence of the decedent.

We conclude that, in light of Kresse's position as a court-appointed guardian of the person and section 8—601 of the Code (735 ILCS 5/8—601 (West 1998)), the Act does not apply. We direct the trial court to conduct a hearing to evaluate Kresse's testimony and records concerning all services performed as guardian of Bernadine.

We also note that section 11a—17(a) of the Probate Act provides that the guardian of the person may petition the court for an order directing the guardian of the estate to pay an amount periodically for provision of the services specified by the court order. 755 ILCS 5/11a—17(a) (West 1998). In the future, better practice might suggest filing quarterly reports for all claimed expenses under this section. This would permit those concerned to raise and address issues as they arise; if the guardian of the person is making claims that the trial court deems unwarranted, that person may then choose to continue to serve knowing the limits of compensability or resign that office on that basis. The fact that compensation for five years of services is sought in a single petition, after the death of the ward, may cast some doubt on the validity of the claim.

### B. Attorney Fees

■ Kresse also contends that the trial court erred with respect to her claim for attorney fees incurred while serving as guardian of the person. The attorney for a "representative is entitled to reasonable compensation for his services." 755 ILCS 5/27—2 (West 1998). The decision as to what constitutes reasonable compensation is a matter within the province of the trial court, and its determination must be based upon the facts and circumstances of the particular case. *In re Estate of Rumoro*, 90 Ill. App. 3d 383, 388, 413 N.E.2d 70, 74 (1980).

Attorney fees incurred by a representative can only be awarded from the estate where the services are rendered in the interest of and to benefit the estate. *In re Estate of Freund,* 63 Ill. App. 3d 1, 3, 379 N.E.2d 935, 937 (1978). The Bank questioned Kresse as follows on cross-examination:

> "Q. What you are trying to collect, your attorney's fees incurred in the petition, in the guardianship to obtain gifts for you and your siblings and also get attorney's fees for preparing this and prosecuting this claim. Is that what you are seeking attorney's fees for?
> A. Yes."

The trial court awarded Kresse attorney fees in the amount that it found clearly traceable to her serving as guardian of her mother's person. It did not allow recovery for (1) fees in prosecuting this claim or (2) estate planning that resulted in gifts out of the estate to herself and her siblings.

With respect to the latter, the Bank argues that Kresse and her siblings were the true beneficiaries of that legal work, not the estate, and Kresse cites no legal authority requiring reimbursement for attorney fees under these circumstances. On this point, we agree with the Bank. Section 11a—18(a—5) of the Probate Act (755 ILCS 5/11a—18(a—5) (West 1998)), addressing the duties of the estate guardian (not the personal guardian), states that the trial court may, upon petition of the guardian of the estate and after notice to all persons interested, consider tax minimization and authorize the guardian to provide gifts to relatives during the ward's life. Since that duty lies with the guardian of the estate, common sense suggests that the legislature did not intend that every "natural object of the ward's bounty," including the guardian of the person, should be able to hire a lawyer to investigate the tax benefits of the ward gifting the client and then later seek reimbursement for the attorney fees so incurred. If an outside attorney prepared work product that the estate guardian would otherwise necessarily have performed, and so saved the estate guardian attorney expense, that attorney could timely request *some* compensation from the estate guardian, but we conclude that it would be for the estate guardian, in its discretion, to recommend compensation based on the savings it concluded the work accrued to the estate. If the estate guardian and executor opposed any such compensation, we conclude that the attorney's client must bear those expenses.

However, with respect to the attorney fees otherwise traceable to prosecuting her claim, we agree that Kresse is entitled to reasonable attorney fees. On remand, she may submit records that separate out billing for prosecuting her claim as guardian of the person from those billings related to estate planning for her mother. She may further

seek reasonable attorney fees for that portion of the appeal attributable to prosecuting her claim for reimbursement for services and expenses for serving as guardian of her mother's person.

## III. CONCLUSION

We conclude that the Act did not apply here and remand for further proceedings consistent with the views stated herein. The mileage award may also be revisited. The denial of attorney fees insofar as they were traceable to the gifting program is affirmed; we otherwise reverse the attorney fee award and remand, with the court to take further proof as necessary to determine reasonable attorney fees for prosecuting the claim for guardian of the person expenses.

Affirmed in part and reversed in part; cause remanded with directions.

GARMAN, J., concurs.

JUSTICE MYERSCOUGH, specially concurring in part and dissenting in part:

I specially concur in part and respectfully dissent in part. I agree with the majority that the Act does not apply here and that mileage may also be revisited.

I do not agree that Kreese is not entitled to attorney fees incurred investigating tax benefits for the estate. The trial court abused its discretion in denying same. The evidence is clear that the estate benefitted from the gifting program, and in fact, the respondent-appellee initiated the concept of a gifting program to save the estate money. I would reverse on this issue also.