THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. $5,608 UNITED STATES CURRENCY, Defendant-Appellee.

Second District No. 2—04—0988

———

Opinion filed September 14, 2005.

John A. Barsanti, State's Attorney, of St. Charles (Martin P. Moltz and Mary Beth Burns, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

No brief filed for appellee.

JUSTICE BOWMAN delivered the opinion of the court:

The State filed a complaint for the forfeiture of $5,608 that had been seized from Richard Brown, who was charged with unlawful possession of a controlled substance with the intent to deliver. Brown answered the complaint and asserted that the money was not subject to forfeiture. Brown passed away during the course of the proceedings, and his wife, Denise Brown, was appointed as special administrator. At trial, the court sustained her objections that the State's evidence was inadmissible under the Dead-Man's Act (735 ILCS 5/8—201 (West 2002)), and it granted her motion for a directed finding. On appeal, the State argues that the trial court abused its discretion in ruling that the Dead-Man's Act precluded the presentation of its case in chief. We reverse and remand.

The State filed its complaint for forfeiture on February 22, 2002.

It alleged that the money was seized from Brown's residence and that the money was used or intended to be used in a manner that violated the Illinois Controlled Substances Act (720 ILCS 570/100 *et seq.* (West 2002)).

The amended forfeiture complaint, filed on July 8, 2004, alleged the following. The police executed a search warrant at defendant's residence on November 7, 2001. Brown was on a sofa in the living room. "[U]nder the person of Richard Brown," the police found a pouch with several plastic baggies containing a white powder, which "field tested" positive for the presence of cocaine. The police searched Brown and found $5,308 and three $100 gaming chips. Brown also had a key that unlocked a safe on the premises. The safe contained a white powder substance that also tested positive for the presence of cocaine.

The State instituted forfeiture proceedings against the $5,608 under section 6(A) of the Drug Asset Forfeiture Procedure Act (Forfeiture Act) (725 ILCS 150/6(A) (West 2002)). On February 22, 2002, Brown filed a claim and answer to the State's complaint. Brown asserted that the money was not subject to forfeiture because he earned the money legitimately, and he requested its return. See 725 ILCS 150/8(A)(i) (West 2002).

A supplemental disclosure, filed by Brown's attorney on September 4, 2003, showed checks that Denise had made out to various casinos and gambling vouchers from the casinos in Brown's name. Brown's attorney moved for summary judgment on October 10, 2003, arguing that there was no genuine issue of material fact that the money came from legitimate gambling winnings. On December 3, 2003, the trial court noted that Brown had passed away and that his estate was now the claimant.

On March 17, 2004, Brown's attorney moved to have Denise appointed as special administrator in the case. The motion alleged that Brown had passed away on July 10, 2003, and that, following his death, the State had nol-prossed the criminal charges against him. The trial court granted the motion on April 24, 2004.

On August 11, 2004, the State moved for summary judgment, arguing that because Denise had not properly responded to the State's request to admit facts, the facts became admitted. The trial court denied the State's motion and allowed Denise to file an amended answer to the request to admit facts.

The case proceeded to trial on August 18, 2004. According to the bystander's report, the State called Detective Patrick Gengler of the Kane County sheriff's office. Detective Gengler testified that he had been a detective sergeant in narcotics for more than four years. On

November 6, 2001, Brown was present when "Mike Godfrey was to deliver ten ounces of cocaine to 901 Autumn Lane." Denise objected based on the Dead-Man's Act, and the trial court sustained the objection.

Detective Gengler further testified that he, along with a SWAT team, executed a search warrant at 803 Kensington Place at 5:30 p.m. on November 7, 2001. Officers rammed the door and found Brown lying in front of a couch. Detective Gengler searched the couch and Brown.

Denise objected to the testimony, arguing that it was barred by the Dead-Man's Act. The State responded that the Dead-Man's Act did not apply, because the detective was not an interested party under the statute since he did not stand to gain from the case's outcome. The trial court ruled that Detective Gengler's testimony was barred under the Dead-Man's Act, reasoning that the State could receive a pecuniary gain from the proceeding and that the detective was an agent of the State. The trial court further ruled that the Dead-Man's Act barred testimony from the State's witnesses "regarding the circumstances surrounding [Brown's] location and surroundings."

The State rested, and Denise moved for a directed finding. The trial court granted the motion and ordered that the money be released to Denise. The court denied the State's motion to reconsider, and the State timely appealed.

On appeal, the State argues that the trial court erred in ruling that the Dead-Man's Act precluded the presentation of its case in chief, because (1) Detective Gengler was not an interested person under the statute and (2) even if he was an interested person, his testimony was permissible under the Forfeiture Act. Although Denise has not filed an appellee's brief, the record and issues are simple enough that we can address the issues raised on appeal. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

■ The Dead-Man's Act provides in relevant part:

"In the trial of any action in which any party sues or defends as the representative of a deceased person or person under a legal disability, *no adverse party or person directly interested in the action* shall be allowed to testify on his or her own behalf to any conversation with the deceased or person under legal disability or to any event which took place in the presence of the deceased or person under legal disability[.]" (Emphasis added.) 735 ILCS 5/8—201 (West 2002).

The Dead-Man's Act lists a few exceptions not relevant to this appeal. See 735 ILCS 5/8—201 (West 2002). The Dead-Man's Act bars an

interested party from testifying on his or her own behalf as to conversations with the deceased or to events that took place in the deceased's presence. *In re Estate of Goffinet*, 318 Ill. App. 3d 152, 156 (2001). A witness incompetent to testify under the Dead-Man's Act must either be a party to the case or have in interest in the outcome, and he or she must be adverse to the party protected by the statute. *Overcast v. Bodart*, 266 Ill. App. 3d 428, 431 (1994). However, an interested person "does not include a person who is interested solely as executor, trustee or in any other fiduciary capacity, whether or not he or she receives or expects to receive compensation for acting in that capacity." 735 ILCS 5/8—201(c) (West 2002). The purpose of the Dead-Man's Act is to protect the decedent's estate from fraudulent claims by barring evidence that the deceased person could have refuted. *Goffinet*, 318 Ill. App. 3d at 156.

■ Here, the trial court ruled that Detective Gengler was an interested person under the Dead-Man's Act because he was an agent of the State and the State could have benefitted directly from the forfeited money. A trial court's ruling on an evidentiary matter will not be reversed absent an abuse of discretion. *Gunn v. Sobucki*, 352 Ill. App. 3d 785, 787 (2004). Additionally, a trial court's ruling on an issue involving the Dead-Man's Act will not be reversed unless the error was substantially prejudicial and affected the trial's outcome. *Goffinet*, 318 Ill. App. 3d at 156.

■ The State argues that the trial court abused its discretion in barring the detective's testimony, because the detective did not have a direct interest in the forfeiture action. We agree. A person is interested under the Dead-Man's Act if he or she will directly experience a monetary gain or loss as an immediate result of the judgment. *In re Estate of Hurst*, 329 Ill. App. 3d 326, 337 (2002); see also M. Graham, Cleary & Graham's Handbook of Illinois Evidence § 606.3, at 338 (8th ed. 2004). Moreover, "[i]f the testimony of the witness does not show direct, certain and immediate pecuniary interest, the witness' interest, if any, goes merely to his or her credibility and not to his or her competency to testify." *Bernardi v. Chicago Steel Container Corp.*, 187 Ill. App. 3d 1010, 1018 (1989).

■ In this case, Detective Gengler would not have directly received the forfeited money if the State prevailed. Thus, he was not incompetent to testify under the Dead-Man's Act. Furthermore, even if Detective Gengler could be considered an agent or employee of the State, these designations alone would not disqualify him as a witness. See *Gieseke v. Hardware Dealers Mutual Fire Insurance Co.*, 61 Ill. App. 2d 119, 124-25 (1965) (insurance agent not incompetent to testify under Dead-Man's Act in action against insurance company); *Sankey*

*v. Interstate Dispatch, Inc.*, 339 Ill. App. 420, 428-29 (1950) (the defendant's employee, whose alleged negligence injured the plaintiff, was not incompetent to testify under Dead-Man's Act in the plaintiff's action against employer). We recognize that Detective Gengler may have preferred that the State succeed in the case, because he had participated in seizing the money and because the forfeited money may possibly have been given to his police department. However, such an interest would not be a direct interest and would affect only the detective's credibility rather than his competency to testify. See *Bernardi*, 187 Ill. App. 3d at 1018. We additionally note that other jurisdictions have also held that dead-man's statutes do not bar the testimony of state police witnesses in cases involving forfeitures. See *United States v. One 1949 Lincoln Coupe Auto*, 93 F. Supp. 666, 668 (W.D. Mich. 1950); *In re Kulbitsky*, 112 Pa. Commw. 477, 483, 536 A.2d 458, 460-61 (1988).

As such, Detective Gengler was not an interested person under the Dead-Man's Act. He also was not an "adverse party" disqualified from testifying under the statute, as it is undisputed that he was not a party to the action. See *Sankey*, 339 Ill. App. at 425 (parties are all persons having a right to control the proceedings, to make a defense, to call and cross-examine witnesses, and to appeal from the decision); M. Graham, Cleary & Graham's Handbook of Illinois Evidence § 606.3, at 337 (8th ed. 2004) ("Determining whether the witness is a party presents few problems"). Accordingly, the trial court abused its discretion in barring Detective Gengler's testimony. As the trial court's erroneous ruling precluded the State from presenting its case in chief, it substantially prejudiced the State. Thus, we reverse the trial court's ruling and remand the cause for a new trial. Based on our resolution of this issue, we need not address the State's argument that the detective's testimony was permissible under the Forfeiture Act.

For the foregoing reasons, we reverse the judgment of the Kane County circuit court, and we remand the cause for further proceedings consistent with this opinion.

Reversed and remanded.

GROMETER and CALLUM, JJ., concur.