EDWIN N. GUNN, Indiv. and as Trustee of the Edwin N. Gunn Trust, Under Trust Agreement dated March 25, 1993, as amended lastly in 1998, 2000, and 2001, Donald J. Hull, Successor Trustee, Plaintiff-Appellee and Cross-Appellant, v. LEORRAINE "LEE" SOBUCKI, Defendant-Appellant and Cross-Appellee.

Second District   No. 2—03—0177

Opinion filed October 22, 2004.

W. Randal Baudin, of Baudin & Baudin, of Dundee, for appellant.

Philip A. Prossnitz, of Law Office of Theodore A.E. Poehlmann, P.C., of Woodstock, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

Plaintiff, Edwin Gunn, brought a two-count complaint, sounding in replevin and conversion, against defendant, Leorraine "Lee" Sobucki, seeking possession of a collection of coins. Following a bench trial, the court found in favor of Gunn and granted a judgment of possession and a writ of replevin. The court denied Sobucki's posttrial motion, and this appeal followed. Gunn cross-appealed, seeking a judgment of approximately $5,000 for some coins allegedly missing from the collection. We reverse and remand this cause for a new trial.

This case involved a coin collection that had been in the possession of Sobucki's husband, Robert Sobucki, from approximately October 1979 until his death in 1998. It was undisputed that Robert received the collection from Gunn. However, Robert's method of acquiring the collection was disputed. Gunn alleged that Robert was merely holding the collection on Gunn's behalf. Sobucki alleged that Robert purchased the collection from Gunn. In April 2000, Gunn requested the return of the collection from Sobucki, who inherited Robert's property under his will. Sobucki refused to give the collection to him. This cause was then filed.

■ Sobucki first contends that the trial court erred in allowing Gunn to testify in violation of the Dead-Man's Act (Act), which provides in part:

"In the trial of any action in which any party sues or defends as the representative of a deceased person or a person under a legal disability, no adverse party or person directly interested in the action shall be allowed to testify on his or her own behalf to any conversation with the deceased or person under legal disability or to any event which took place in the presence of the deceased or person under legal disability ***[.]

* * *

As used in this section:
***

(b) 'Representative' means any executor, administrator, heir or legatee of a deceased person ***." 735 ILCS 5/8—201 (West 2002). The Act bars only that evidence that could have been refuted by the decedent. *Smith v. Haran*, 273 Ill. App. 3d 866, 875 (1995). The trial court's ruling on an evidentiary ruling is a matter of discretion, and this court will not reverse such a ruling unless the court abuses that discretion. *Smith*, 273 Ill. App. 3d at 875.

Among the evidence admitted in this case was a document that read as follows:
"Chicago, Illinois, October 5, 1979.

### BILL OF SALE
For and in consideration of the sum of $30,000.00 (THIRTY THOUSAND DOLLARS) and other good and valuable consideration, receipt of which is herein acknowledged, I hereby sell, transfer and assign all of the coins and bills, stamps and cachets, contained in my coin, etc. list to ROBERT P. SOBUCKI, SR., *** to be his alone absolutely.

/S/ EDWIN N. GUNN

Subscribed and Sworn to
before me this 5th
day of October, 1979.

/s/ Maria Isabel Gonzalez
Notary Public."

Also admitted was an inventory list of coins.

The court allowed Gunn to testify that he never received any consideration for the coins, that he never sold the coins to Robert, and that the October 1979 "Bill of Sale" was a sham, created to prevent Gunn's then-wife from being awarded any part of the collection during divorce proceedings. It is this testimony regarding the alleged non-sale of the coin collection that Sobucki now argues was admitted in error. We agree.

The trial court concluded that *Smith*, 273 Ill. App. 3d 866, applied and mandated that Gunn's testimony regarding the lack of consideration be admitted. In *Smith*, the administrator of a decedent's estate attempted to collect on a promissory note signed by the defendants and held by the decedent. The trial court excluded the defendants' testimony that they never received any money from the decedent. The appellate court concluded that the "decedent's failure to give the Harans money does not qualify as an 'event' under the Act." *Smith*, 273 Ill. App. 3d at 876. While positive testimony

that money was given at a definite time would qualify as testimony about an event, negative testimony that money was not given could not be so characterized. *Smith*, 273 Ill. App. 3d at 876-77. However, Justice Hartman dissented from that portion of the majority opinion, positing that "the law is irrefutable: testimony that one did not do a certain act is equivalent, for purposes of the Act, to testimony that he or she did the act and is prohibited." *Smith*, 273 Ill. App. 3d at 880 (Hartman, J., dissenting).

■ We disagree with the majority in *Smith* and conclude that Gunn's testimony should have been excluded in this case. The proposition that the Act does not apply to a "nonevent" is not logical. Testifying to the negative about any event turns it into a "nonevent." "There was no sale" (nonevent) is merely the negative of "There was a sale" (event). The event at issue in this case—the transfer of possession of the coin collection from Gunn to Robert—was already established and uncontested. Whether or not payment for the collection was made is a detail of the event, and denial that payment was made does not create a "nonevent." One cannot break down an event until one discovers a detail that did not occur and then dismiss the entire event as a "nonevent."

The "nonevent" analysis is nothing more than a semantic exercise. Application of the *Smith* majority would lead to the conclusion that nonpayment is a nonevent. However, creating a dummy bill of sale is an event. Agreeing to create such a sham in order to defraud an estranged wife in divorce proceedings is an event. These are merely different ways to express (as Gunn did) what occurred if no payment was made.

Obviously, the coins were transferred to Robert in his presence. The details of this event, including payment, if any, occurred in his presence, and only he could have refuted Gunn's testimony that Robert did not pay for the coins. Therefore, the Act applied, and Gunn should not have been allowed to testify as to the alleged lack of payment. The admission of this testimony was error that requires reversal of the trial court's judgment and remand for a new trial.

■ Sobucki next contends that, in its memorandum opinion, the trial court failed to discuss or consider defendant's exhibit No. 2. We first note that Sobucki's "argument" on this issue contains no citation to statute or case law and no actual argument as to the legal consequences of this supposed failure. Only in her reply brief does Sobucki argue that the exhibit was improperly allowed only for impeachment purposes and should have been allowed as substantive evidence. Points not argued in an appellant's brief are waived and may not be raised in the reply brief. 177 Ill. 2d R. 341(e)(7); *Zaabel v. Konetski*, 209 Ill. 2d 127, 136 (2004). Therefore, we find waived the

argument raised in the reply brief. As to Sobucki's argument that the trial court did not consider the exhibit, the court clearly noted that it considered all of the testimony, exhibits, and arguments, although it did not "set forth in detail all of the testimony and exhibits presented by the parties." Sobucki's argument on this issue is inadequate and, in any event, belied by the trial court's ruling, and we decline to find error here.

■ Sobucki next contends that the trial court erred in sustaining Gunn's hearsay objection to a portion of the testimony of Robert Michaels, a friend of Robert's. Sobucki attempted to question Michaels about a conversation that he had with Robert about the coins three days before Robert's death. Sobucki argued that the testimony should be allowed pursuant to the "dying declaration" exception to the hearsay rule. The trial court sustained the objection but allowed Sobucki to make an offer of proof, during which Michaels testified:

> "Bob asked me to help Lee, if need be, to sell the coins in his collection if she needed money. He also asked me to help her with estate matters, taking care of the car that was leased, a boat that had a lien on it and give her general assistance."

Sobucki subsequently argued, and argues now on appeal, that the testimony should have been allowed under the "state of mind" exception to the hearsay rule. We disagree.

A trial court's ruling on an evidentiary matter will not be reversed absent an abuse of discretion. *People v. Wilson*, 331 Ill. App. 3d 434, 440 (2002). Hearsay evidence is an out-of-court statement offered to prove the truth of the matter asserted; such evidence is generally inadmissible unless it falls into a recognized exception. *Wilson*, 331 Ill. App. 3d at 440. Statements that indicate a declarant's state of mind are admissible as hearsay exceptions when the declarant is unavailable to testify and there is reasonable probability that the proffered statement is truthful; however, the declarant's state of mind must be relevant to a material issue in the case. *Wilson*, 331 Ill. App. 3d at 440. Here, almost 19 years after the purported sale of the coins, Robert's state of mind is irrelevant to any issue in the case. This statement was of no value other than to prove the truth asserted regarding the ownership of the coins. We find no abuse of discretion in the trial court's exclusion of this testimony.

Sobucki raises additional issues that assume, *arguendo*, that Gunn's testimony did not violate the Dead-Man's Act and was properly admitted. However, as we have already concluded that this testimony was improperly admitted, we need not address these issues. In addition, as we reverse and remand this cause, we need not address Gunn's cross-appeal.

For these reasons, the judgment of the circuit court of McHenry County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

BYRNE and KAPALA, JJ., concur.